Case No. 24-4050

In the United States Court of Appeals
for the Ninth Circuit

JUNIOR SPORTS MAGAZINES INC., et al.,
*Plaintiffs-Appellants*,

v.

ROB BONTA,
in his official capacity as Attorney General of the State of California,
*Defendant-Appellee.*

On Appeal from the United States District Court
for the Central District of California
Case No. 2:22-cv-04663-CAS-JC

**APPELLANTS' MOTION TO QUALIFY AS A COMEBACK CASE AND ASSIGN APPEAL TO PRIOR PANEL**
**(Ninth Circuit General Orders 1.12, 3.6(d))**

| | |
|---|---|
| C.D. Michel | Donald Kilmer |
| Anna M. Barvir | Law Offices of Donald Kilmer, APC |
| MICHEL & ASSOCIATES, P.C. | 14085 Silver Ridge Rd. |
| 180 E. Ocean Blvd., Suite 200 | Caldwell, Idaho 83607 |
| Long Beach, CA 90802 | (408) 264-8489 |
| (562) 216-4444 | don@dklawoffice.com |
| cmichel@michellawyers.com | |

*Attorneys for Plaintiffs-Appellants*

July 15, 2024

## MOTION TO ASSIGN COMEBACK CASE TO PRIOR PANEL

Pursuant to Ninth Circuit General Orders 1.12 and 3.6, Plaintiffs-Appellants Junior Sports Magazines, Inc., et al., hereby move this Court to calendar the above-captioned case, *Junior Sports Magazines, Inc., v. Bonta*, Case No. 24-4050, as a comeback case and assign it to the same panel that heard and decided the previous preliminary injunction appeal.

On June 12, 2024, Appellants gave counsel for Defendant-Appellee Attorney General Rob Bonta notice of this motion. As of this filing, the Attorney General has not yet confirmed whether he will oppose this request.

## BACKGROUND

This matter has already been decided by a panel of the Ninth Circuit, reported at *Junior Sports Magazines, Inc., v. Bonta*, 80 F.4th 1109 (9th Cir. 2023). That opinion plainly states: "In sum, we hold that [California Business & Professions Code] § 22949.80 is likely unconstitutional under the First Amendment, and we thus REVERSE the district court's denial of a preliminary injunction and REMAND for further proceedings consistent with this opinion." *Id.* at 1121 (before Judges Lee, Smith, and Van Dyke). The mandate was issued on February 28, 2024. Mandate, *Jr. Sports Mags.*, 80 F.4th 1109 (C.D. Cal. Feb. 28, 2024) (No. 22-56090), ECF No. 53.

On June 24, 2024, Judge Christina Snyder entered an order (filed in chambers on June 18, 2024) enjoining only subsection (a) of section 22949.80, thus leaving all other sections of the "likely unconstitutional" statute available for enforcement. Order at *8, *Jr. Sports. Mags.*, No. 22-cv-04663, 2024 WL 3236250 (C.D. Cal. June 18, 2204), ECF No. 69. This frustrates both the plain language and the spirit of this Court's published opinion. Judge Snyder also declined to enjoin enforcement by any of the District Attorneys, County Counsel, or City Attorneys authorized to enforce section 22949.80, electing instead to order the Attorney General to issue an alert notifying

2

those officials of this lawsuit and that subsection (a) has been preliminarily enjoined, and enjoining only the Attorney General's office from enforcement action. *Id.*

Appellants filed an interlocutory appeal of the district court's partial denial of their motion to enforce the mandate and issue a preliminary injunction on June 28, 2024. Notice of Appeal, *Jr. Sports Mags.*, 80 F.4th 1109 (C.D. Cal. June 28, 2024) (No. 22-56090), ECF No. 70. The Court docketed the appeal on July 2, 2024, assigning the appeal Case No. 24-4050 and setting the deadline for Appellants' Opening Brief as due July 30, 2024. Prelim. Inj. Time Sched. Notice (July 2, 2024), ECF No. 2.1.

Appellants intend to move for immediate injunctive relief with this Court to countermand the order issued in error by the district court.[1] And they anticipate filing their opening brief on or before the current due date.

### ARGUMENT

In the interests of judicial economy and the efficient administration of justice, this Court should assign this appeal, including all motions, to the original three-judge panel that decided this matter less than a year ago. This new appeal seeks to dispose of just one issue—enforcement of the mandate that was issued by the three-judge panel in *Junior Sports Magazines, Inc., v. Bonta*, 80 F.4th 1109 (9th Cir. 2023)—and rests on the proper interpretation of that panel's initial mandate. An order resolving this case's comeback status under General Orders 1.12 and 3.6 is necessary to mitigate any potential confusion and will help to streamline the processes in this case and the policies set forth in this Court's General orders.

---

[1] Currently the entire statute (not just subsection (a)) is enjoined statewide by an order enforcing the mandate issued in the companion case of *Safari Club Int'l v. Bonta*, No. 22-cv-01395-DAD-JDP (E.D. Cal.) (ECF No. 56). But Attorney General Bonta has sought a modification of that order, seeking to narrow the injunction to only subsection (a). A hearing on that motion is currently set for July 16, 2024. It is unclear whether the issue of "to whom" the injunction should apply is at issue in that motion.

Certainly, this appeal qualifies as a "comeback case" as defined by Ninth Circuit General Order 1.12, which states that such cases involve "subsequent appeals or petitions from a district court case or agency proceeding involving substantially the same parties and issues from which there previously had been a calendared appeal or petition." As explained above, this appeal involves identical parties and raises identical issues about the constitutionality of section 22949.80 and Appellants' entitlement to full preliminary injunctive relief.

Similarly, General Order 3.6(d) explains that "[w]hen a new appeal is taken to this Court from a district court or agency decision following a remand or other decision by an argument panel, the Clerk's Office will notify the panel that previously heard the case that the new appeal or petition is pending[] and will provide a brief description of the issues presented. The prior panel is encouraged to accept a case that *predominately involves the interpretation and application of the prior panel decision*, except when it is impossible to reconstitute the prior panel." 9th Cir. Gen. Order 3.6(d) (emphasis added). This preliminary injunction appeal comes just months after the three-judge panel issued its mandate vacating the district court's denial of Appellants' first motion to preliminarily enjoin all of section 22949.80 and remanding the case for further proceedings consistent with its opinion. The interpretation and application of that opinion are central to the adjudication of this appeal. Indeed, this appeal concerns nothing else.

The original panel is particularly familiar with the relevant factual and legal issues, as well as the procedural history of this case, and it is in the best possible position to efficiently decide this new appeal.

## CONCLUSION

For these reasons, Appellants respectfully ask the original panel that issued the decision in *Junior Sports Magazines, Inc., v. Bonta*, 80 F.4th 1109 (9th Cir. 2023) to accept

4

this appeal as a "comeback case" and assign this matter, including this and all future motions filed by either party, to the original three-judge panel.

Dated: July 15, 2024  **MICHEL & ASSOCIATES, P.C.**

*s/ Anna M. Barvir*
Anna M. Barvir
*Counsel for Plaintiffs-Appellants Junior Sports Magazines, Inc., Raymond Brown, California Youth Shooting Sports Association, Inc., Redlands California Youth Clay Shooting Sports, Inc., California Rifle & Pistol Association, Incorporated, The CRPA Foundation, and Gun Owners of California, Inc.*

Dated: July 15, 2024  **LAW OFFICES OF DONALD KILMER, APC**

*s/ Donald Kilmer*
Donald Kilmer
*Counsel for Plaintiff-Appellant Second Amendment Foundation*

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2024, an electronic PDF of APPELLANTS' MOTION TO QUALIFY AS A COMEBACK CASE AND ASSIGN APPEAL TO PRIOR PANEL was uploaded to the Court's CM/ECF system, which will automatically generate and send by electronic mail a Notice of Docket Activity to all registered attorneys participating in the case. Such notice constitutes service on those registered attorneys.

Dated: July 15, 2024  Respectfully submitted,

**MICHEL & ASSOCIATES, P.C.**

s/ Anna M. Barvir
Anna M. Barvir
*Counsel for Plaintiffs-Appellants*