Case No. 24-4050

In the United States Court of Appeals
for the Ninth Circuit

———————————————

JUNIOR SPORTS MAGAZINES INC., et al.,
*Plaintiffs-Appellants*,

v.

ROB BONTA,
in his official capacity as Attorney General of the State of California,
*Defendant-Appellee*.

———————————————

On Appeal from the United States District Court
for the Central District of California
Case No. 2:22-cv-04663-CAS-JC

———————————————

**APPELLANTS' RULE 8 MOTION FOR
PRELIMINARY INJUNCTION PENDING APPEAL**
(Case is eligible for Comeback Status under
General Orders 1.12, 3.6(d); Motion Pending)

———————————————

C.D. Michel
Anna M. Barvir
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
(562) 216-4444
cmichel@michellawyers.com

Donald Kilmer
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Rd.
Caldwell, Idaho 83607
(408) 264-8489
don@dklawoffice.com

*Attorneys for Plaintiffs-Appellants*

July 18, 2024

## CORPORATE DISCLOSURE STATEMENT

Under Rule 26.1(a) of the Federal Rules of Appellate Procedure, counsel for Plaintiffs-Appellants make these disclosures:

### JUNIOR SPORTS MAGAZINES, INC.

Junior Sports Magazines, Inc., certifies that it has no parent corporation and no publicly held corporation owns more than ten percent of its stock.

### CALIFORNIA YOUTH SHOOTING SPORTS ASSOCIATION, INC.

California Youth Shooting Sports Association, Inc. ("CYSSA"), is a California nonprofit organization. CYSSA is not a publicly held corporation, does not have a parent corporation, and no publicly held corporation owns 10 percent or more of its stock.

### REDLANDS CALIFORNIA YOUTH CLAY SHOOTING SPORTS, INC.

Redlands California Youth Clay Shooting Sports, Inc. ("RCYSS"), is a California nonprofit organization. RCYSS is not a publicly held corporation, does not have a parent corporation, and no publicly held corporation owns 10 percent or more of its stock.

### CALIFORNIA RIFLE & PISTOL ASSOCIATION, INC.,

California Rifle & Pistol Association, Inc. ("CRPA"), is a California nonprofit organization. CRPA is not a publicly held corporation, does not have a parent corporation, and no publicly held corporation owns 10 percent or more of its stock.

i

### THE CRPA FOUNDATION

The CRPA Foundation is a California nonprofit organization. The CRPA Foundation is not a publicly held corporation, does not have a parent corporation, and no publicly held corporation owns 10 percent or more of its stock.

### GUN OWNERS OF CALIFORNIA, INC.

Gun Owners of California, Inc. ("GOC") is a California nonprofit organization. GOC is not a publicly held corporation, does not have a parent corporation, and no publicly held corporation owns 10 percent or more of its stock.

### SECOND AMENDMENT FOUNDATION

The Second Amendment Foundation ("SAF") is a nonprofit organization. SAF is not a publicly held corporation, does not have a parent corporation, and no publicly held corporation owns 10 percent or more of its stock.

Dated: July 18, 2024   **MICHEL & ASSOCIATES, P.C.**

          s/ Anna M. Barvir
          Anna M. Barvir
          *Attorneys for Plaintiffs-Appellants Junior Sports*
          *Magazines, Inc., Raymond Brown, California*
          *Youth Shooting Sports Association, Inc., Redlands*
          *California Youth Clay Shooting Sports, Inc.,*
          *California Rifle & Pistol Association,*
          *Incorporated, The CRPA Foundation, and Gun*
          *Owners of California, Inc.*

Dated: July 18, 2024   **LAW OFFICES OF DONALD KILMER, APC.**

          s/ Donald Kilmer
          Donald Kilmer
          *Attorney for Plaintiff-Appellant Second*
          *Amendment Foundation*

# TABLE OF CONTENTS

**Page**

Corporate Disclosure Statement.................................................................................. i

Table of Contents...................................................................................................... iii

Table of Authorities .................................................................................................. v

Motion for Injunction Pending Appeal .................................................................... 1

Introduction .............................................................................................................. 1

Legal Standard.......................................................................................................... 2

Factual Background................................................................................................... 2

Argument .................................................................................................................. 5

I.    Appellants Meet the Conditions for Rule 8 Relief............................................ 5

II.   The Ninth Circuit Has Already Held That Plaintiffs Are Likely to Succeed on the Merits of This Appeal ......................................................................... 6

    A.   This Court Ruled That Section 22949.80, in Its Entirety, Is "Likely Unconstitutional" ....................................................................................... 7

    B.   Even If This Court Considers Subsection (b) in Isolation, It Is "Likely Unconstitutional" ..................................................................................... 10

        1.   Subsection (b) regulates commercial speech. ................................. 11

        2.   As this Court already held, subsection (b) fails *Central Hudson* .... 13

III.  The Remaining *Nken-Winter* Factors Support Temporary Relief ...................... 14

IV.   The Preliminary Injunction Should Bind Not Just the Attorney General and His Agents—But Every Person In Active Concert Or Participation With Him ................................................................................................................. 16

Conclusion............................................................................................................... 19

Declaration of Anna M. Barvir ........................................................................ 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cal. Chamber of Com. v. Council for Educ. & Research on Toxics*,
  29 F.4th 468 (9th Cir. 2022) ........................................................ 16

*Clem v. Lomeli*,
  566 F.3d 1177 (9th Cir. 2009) ........................................................ 9

*Crime Just. & Am., Inc. v. Honea*,
  876 F.3d 966 (9th Cir. 2017) ........................................................ 9

*Day v. Orrick, Herrington & Suttcliffe, LLP*,
  2022 U.S. App. LEXIS 24319 ( Aug. 29, 2022) ........................ 9

*Ex parte Young*,
  209 U.S. 123 (1908) ...................................................................... 17

*Golden State Bottling Co. v. NLRB*,
  414 U.S. 168 (1973) ................................................................ 16, 18

*Herrgott v. U.S. Dist. Ct. for the N. Dist. of Cal. (In re Cavanaugh)*,
  306 F.3d 726 (9th Cir. 2002) ........................................................ 7

*Hutto v. Davis*,
  454 U.S. 370 (1982) ...................................................................... 10

*Jr. Sports Magazines, Inc. v. Bonta*,
  No. 22-cv-04663 (C.D. Cal Mar. 20, 2024) ............................ 3, 4

*Jr. Sports Magazines, Inc. v. Bonta*,
  No. 22-cv-04663, 2024 WL 3236250 (C.D. Cal. June 18, 2204) .............. 5

*Jr. Sports Magazines, Inc., v. Bonta*,
  80 F.4th 1109 (9th Cir. 2023) ............................................... passim

*Klein v. City of San Clemente*,
  584 F.3d 1196 (9th Cir. 2009) ...................................................... 14

*Martin v. City of Struthers*,
  319 U.S. 141 (1943) ...................................................................... 11

*Martin v. Hunter's Lessee*,
  14 U.S. 304 (1816) ........................................................................ 10

v

*Melendres v. Arpaio,*
  695 F.3d 990 (9th Cir. 2012) ........................................................ 14

*NAACP v. Alabama ex rel. Patterson,*
  360 U.S. 240 (1959) ........................................................................ 6

*Nat'l Spiritual Assem. of Ba'his of U.S. Under Hereditary Guardianship, Inc. v. Nat'l Spiritual Assem. of Ba'his of U.S., Inc.,*
  628 F.3d 837 (7th Cir. 2010) ...................................................... 18

*Nken v. Holder,*
  556 U.S. 418 (2009) ........................................................................ 2

*Quern v. Jordan,*
  440 U.S. 332 (1979) ...................................................................... 13

*Regal Knitwear Co. v. NLRB,*
  324 U.S. 9 (1945) .................................................................... 16, 18

*Rockwell Graphic Sys., Inc. v. DEV Indus., Inc.,*
  91 F.3d 914 (7th Cir. 1996) ........................................................ 18

*Rodriguez v. Robbins,*
  715 F.3d 1127 (9th Cir. 2013) .................................................... 15

*Safari Club Int'l v. Bonta,*
  No. 22-cv-01395 (E.D. Cal. April 11, 2024) ........................... 4, 17

*Saga Int'l, Inc. v. John D. Brush & Co.,*
  984 F. Supp. 1283 (C.D. Cal. 1997) ........................................... 18

*Seminole Tribe of Fla. v. Florida,*
  517 U.S. 44 (1996) .......................................................................... 6

*Sibbald v. United States,*
  37 U.S. 488 (1838) .......................................................................... 6

*Sorenson Commcns. v. FCC,*
  567 F.3d 1215 (10th Cir. 2009) .................................................. 12

*Tandon v. Newsom,*
  992 F.3d 916 (9th Cir. 2021) ........................................................ 2

*Thomas v. Bible,*
  983 F.2d 152 (9th Cir. 1993) ...................................................... 14

*U.S. West, Inc. v. FCC*,
  182 F.3d 1224 (10th Cir. 1999) ................................................................ 11

*United States v. Dreyer*,
  804 F.3d 1266 (9th Cir. 2015) .................................................................... 9

*United States v. ITT Rayonier, Inc.*,
  627 F.2d 996 (9th Cir. 1980) ..................................................................... 18

*Va. State Bd. of Pharmacy v. Va. Citizens Council, Inc.*,
  425 U.S. 748 (1976) .................................................................................. 11

*Verizon Nw. v. Showalter*,
  282 F. Supp. 2d 1187 (W.D. Wash. 2003) ................................................. 12

**Statutes**

Assemb. B. 2571, 2021-2022 Reg. Sess., § 1(a)-(b) (Cal. 2022) ..................... 13

Cal. Bus. & Prof. Code § 22581 ..................................................................... 16

Cal. Bus. & Prof. Code § 22949.80 ..........................................................passim

Cal. Const. art. 5, § 13 .................................................................................. 18

Children's Online Privacy Protection Act of 1998 ("COPPA"), 15 U.S.C. § 6501 ..... 16

**Other Authorities**

Scalia, Antonin & Bryan A. Garner,
  *Reading Law: The Interpretation of Legal Texts* (Thomson/West, Kindle ed. 2012) ........ 6

Tribe, Laurence H.,
  *Comment*, in Antonin Scalia, *A Matter of Interpretation: Federal Courts and the Law*
  (1997) ......................................................................................................... 6

Press Release,
  *Attorney General Bonta, L.A. City Attorney Feldstein Soto, Announce $500,000 Settlement
  with Tilting Point Media for Illegally Collecting and Sharing Children's Data* (June 18, 2024),
  https://oag.ca.gov/news/press-releases/attorney-general-bonta-la-city-attorney-
  feldstein-soto-announce-500000 (last accessed July 18, 2024) ................................. 15

**Rules**

Fed. R. App. P. 8 ................................................................................... 1, 2, 5

Fed. R. App. P. 28 ................................................................................................ 8

Fed. R. Civ. P. 65 ........................................................................................ 1, 16, 17

## MOTION FOR INJUNCTION PENDING APPEAL

Under Rule 8(a)(2) of the Federal Rules of Appellate Procedure, Plaintiffs-Appellants move this Court for an order enjoining California Business & Professions Code section 22949.80, in its entirety, while this case is on appeal. Pursuant to Rule 8(a)(2)(C), Appellants gave counsel for Defendant-Appellee Attorney General Rob Bonta notice of this motion on June 12, 2024. The Attorney General has confirmed that he will oppose this request.

## INTRODUCTION

This matter comes back to this Court—with no intervening new facts and no intervening new law—because Appellants could not obtain the relief granted by the mandate in *Junior Sports Magazine, Inc., v. Bonta*, 80 F.4th 1109 (9th Cir. 2023). In the plainest of terms, that opinion states that California Business & Professions Code section 22949.80 "is likely unconstitutional under the First Amendment, and we thus REVERSE the district court's denial of a preliminary injunction and REMAND for further proceedings consistent with this opinion." *Id.* at 1121.

After remand—and for the first time in this litigation—the Attorney General argued that this Court did not really mean to enjoin all of section 22949.80, despite the plain language of the opinion. He somehow divined that this Court meant to enjoin only subsection (a), and this appeal became necessary when the district court adopted that position in its order (only partially) enforcing the mandate. Furthermore, and despite the plain language of the statute allowing enforcement of section 22949.80 by "State of California by the Attorney General or by any district attorney, county counsel, or city attorney in any court of competent jurisdiction, " *id.* 22949.80(e)(1), and despite authority under Rule 65, the district court limited injunctive relief to the Attorney General.

Appellants here seek the relief they were already granted in this Court's previous opinion, a preliminary injunction pending appeal enjoining section

1

22949.80—in its entirety—against all public officials authorized by that statute to enforce this unconstitutional law. This Court can also ensure compliance with its prior decision by either: (a) granting this motion under this new appellate case number and retaining jurisdiction to supervise the proceedings below or (b) issuing a writ of mandamus to the district court with specific instructions on implementing the mandate from the original appeal and then dismissing this appeal.[1]

## LEGAL STANDARD

Rule 8(a)(1)(c) authorizes this Court to issue "an order suspending, *modifying*, restoring, or *granting* an injunction while an appeal is pending." (Emphasis added.) The standard for relief under Rule 8 is the same as seeking injunctive relief in the district court. The movant must show (1) a likelihood of success on appeal, (2) they will be irreparably harmed absent relief, (3) the balance of hardships favors the movant, and (4) an injunction is in the public interest. *Nken v. Holder*, 556 U.S. 418, 426 (2009).

Though such relief is awarded only "upon a clear showing that the plaintiff is entitled to such relief," *Tandon v. Newsom*, 992 F.3d 916, 917 (9th Cir. 2021), this is the exceptional case where Appellants have *already* established a substantial likelihood of success before this Court by prevailing in the appeal before the original three-judge panel—and by showing that the equitable factors tip sharply in favor of the relief they seek.

## FACTUAL BACKGROUND

This matter has already been decided by a panel of this Court. On September 13, 2023, this Court reversed the denial of Appellants' first motion for preliminary injunction in a unanimous decision. *Jr. Sports Mags.*, 80 F.4th 1109. Its mandate is set

---

[1] It is unclear, assuming the case is reassigned to the same panel that issued the mandate, whether that panel can recall the mandate in that case and reissue it with specific instructions. Cir. Rule 41-1 Advisory Comm. Note ("A motion to stay or recall the mandate will not be routinely granted.").

forth in the conclusion of that opinion: "In sum, we hold that § 22949.80 is likely unconstitutional under the First Amendment, and we thus REVERSE the district court's denial of a preliminary injunction and REMAND for further proceedings consistent with this opinion." *Id.* at 1121.

The State moved for rehearing en banc, Appellees' Petition for Rehearing En Banc, *Jr. Sports Mags.*, 80 F.4th 1109 (9th Cir. Nov. 13, 2023), ECF No. 49, and Appellants unsuccessfully moved for an injunction against enforcement of section 22949.80 while that petition was pending, Order, *Jr. Sports Mags.*, 80 F.4th 1109 (9th Cir. Oct.11, 2023), ECF No. 48. After no judge called for a vote to rehear the case en banc, the State's petition for rehearing was denied. Order, *Jr. Sports Mags.*, 80 F.4th 1109 (9th Cir. Feb. 20, 2024), ECF No. 52. The mandate was issued on February 28, 2024. Mandate, *Jr. Sports Mags.*, 80 F.4th 1109 (9th Cir. Feb. 28, 2024), ECF No. 53.

On remand, the parties agreed to an extension of time for the State to file an answer on the grounds that it needed more time to consider its options, including early resolution of this case. Stipulation Extending Deadline to Respond to Complaint at 2, *Jr. Sports Mags., Inc. v. Bonta*, No. 22-cv-04663 (C.D. Cal Mar. 20, 2024), ECF No. 52. The district court granted the extension and set a status conference regarding filing and spreading the mandate. Order Extending Deadline to Respond to Complaint, *Jr. Sports Mags.*, No. 22-cv-04663 (C.D. Cal Mar. 20, 2024), ECF No. 53; Barvir Decl. ¶ 2.

To prepare for that conference, the parties met and conferred to discuss potential avenues for the efficient disposition of this case. *Id.* The State refused to enter into a stipulation for entry of an order for a final judgment enjoining enforcement of section 22949.80. *Id.* It also refused to enter into a stipulation for the entry of an order for a preliminary injunction pending further discussions or litigation. *Id.* ¶ 3. Instead, the State urged Appellants to renew their motion for a preliminary injunction, claiming that it would not be much work because the State would either

not oppose the motion or would file a non-opposition. *Id.* Less than a day later, the State withdrew its non-opposition, raising a new theory that this Court had only found subsection (a) unconstitutional and that, if Appellants sought a broader injunction, the State would oppose it. *Id.* ¶ 4.

During the April 8, 2024, status conference, the State requested 30 more days to respond to the complaint over Plaintiffs-Appellants' objection that, without a preliminary injunction in place, the delay risked the further violation of their First Amendment rights in violation of this Court's order. *Id.* ¶ 5. The court denied the oral request for a preliminary injunction, set a second status conference, and encouraged the parties to continue efforts to resolve the case. *Id.* In compliance with the court's directive, the parties continued efforts to negotiate a settlement and the scope of any order that would address this Court's mandate. *Id.* ¶ 6. But because the parties continue to disagree over the scope of this Court's opinion, no agreement could be reached. *Id.* ¶¶ 6-7.[2]

Having been unable to obtain the injunctive relief that they have sought from Day 1 (and this Court already ruled they were entitled to), Plaintiffs-Appellants were forced to move for an order enforcing the mandate and enjoining the enforcement of section 22949.80. Plaintiffs' Motion to Enforce the Mandate and Issue Preliminary Injunction at 2-3, *Jr. Sports Mags*, No. 22-cv-04663 (C.D. Cal May 2, 2024), ECF No. 59. The State opposed in part, arguing that any injunction should be limited to subsection (a). Defendant's Limited Opposition to Motion to Enforce the Mandate at 6-10, *Jr. Sports Mags*, No. 22-cv-04663 (C.D. Cal May 20, 2024), ECF No. 62.

_____

[2] On April 18, 2024, Plaintiffs-Appellants filed a notice of the preliminary injunction issued in the related case of *Safari Club Int'l v. Bonta*, enjoining the entirety of section 22949.80. Plaintiffs' Notice of Issuance of Preliminary Injunction in *Safari Club Int'l v. Bonta*, *Jr. Sports Mags*, No. 22-cv-04663 (C.D. Cal April 18, 2024), ECF No. 56. Soon after, the State filed a motion to set aside the injunction issued in *Safari Club* and substitute an order enjoining only subsection (a). The State's motion was heard on July 16, 2024.

During oral argument on the motion, the district court revealed that it was inclined to adopt the State's position and issue a preliminary injunction limited to subsection (a). The court and the parties also discussed certifying a question to the original panel to ascertain the scope of the mandate. *Jr. Sports. Mags.*, No. 22-cv-04663, 2024 WL 3236250, *7 n.1 (C.D. Cal. June 18, 2204) (order attached).

Instead, on June 24, 2024, the district court entered an order (filed in chambers on June 18, 2024) enjoining only subsection (a) of section 22949.80, thus leaving all other sections of the "likely unconstitutional" statute available for enforcement. *Id.* at *8. The court also declined to enjoin enforcement by the District Attorneys, County Counsel, and City Attorneys who are authorized to enforce section 22949.80, electing to limit the injunction to enforcement actions by the Attorney General's office. *Id.* Instead, the court ordered the Attorney General to notify these officials of this lawsuit and that subsection (a) has been preliminarily enjoined. *Id.*

## ARGUMENT

### I. APPELLANTS MEET THE CONDITIONS FOR RULE 8 RELIEF

Rule 8 "ordinarily" requires that a party seeking an injunction pending appeal first move for such relief in the district court. If the moving party shows that "moving first in the district court would be impracticable," the party may request relief directly from this Court. Fed. R. App. Proc. 8(a)(2)(A).

Appellants have twice moved the district court for a preliminary injunction, halting the enforcement of section 22949.80. The district court denied Appellants' first motion—a decision that was unanimously reversed on appeal. *Jr. Sports Mags.*, 80 F.4th at 1120. On remand, the district court *again* refused to enter the relief that Appellants requested that this Court already decided they are entitled to. Because the district court has repeatedly denied the relief requested, Appellants have met the Rule 8(a)(2)(A) conditions for relief.

## II. THE NINTH CIRCUIT HAS ALREADY HELD THAT PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS OF THIS APPEAL

A three-judge panel of this Court already held that Appellants are likely to succeed on the merits and are, therefore, entitled to a preliminary injunction against enforcement of section 22949.80 while this case proceeds below. *Jr. Sports Mags.*, 80 F.4th at 1120-21. Those findings and conclusions are binding on the district court (and this Court) and represent the "law of the case." They are not some mere suggestion or evidence of the rule laid down by this Court.[3] Nor are they open to reexamination by an inferior court. Indeed, it is well-settled that:

> [W]hatever was before the Court, and is disposed of, is considered as finally settled. The inferior court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. They cannot vary it, or examine it for any other purpose than execution, or give any other or further relief, or review it upon any matter decided on appeal for error apparent; or intermeddle with it, further than to settle so much as has been remanded.

*Sibbald v. United States*, 37 U.S. 488 (1838). *See also NAACP v. Alabama ex rel. Patterson*, 360 U.S. 240, 245 (1959). And lower courts must adhere not just to the result obtained by the higher court but also to any reasoning necessary to that result. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 67 (1996) (and collected cases).

The State contends that this Court's opinion was limited to subsection (a)—a claim it never once made before this case returned to the district court on remand.

---

[3] Professor Laurence Tribe has written about the interpretation of legal texts:

> Like Justice Scalia, I never cease to be amazed by the arguments of judges, lawyers, or others who proceed as though legal texts were little more than interesting documentary evidence of what some lawgiver had in mind.
>
> ….
>
> [I]t is the text's meaning, and not the content of anyone's expectations or intentions, that binds us as law.

Laurence H. Tribe, *Comment*, in Antonin Scalia, *A Matter of Interpretation: Federal Courts and the Law* 65, 66 (1997) (discussed in Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 295 (Thomson/West, Kindle ed. 2012)).

The plain text of the panel opinion contradicts the State's claim. *Jr. Sports Mags.*, 80 F.4th at 1120-21 ("In sum, we hold that § 22949.80 is likely unconstitutional under the First Amendment.") This language is not susceptible to two meanings. It is not overly complex or lacking in clarity; it does not require "Talmudic scholars nor skill[s] in the use of Urim and Thummin to construe it." *Herrgott v. U.S. Dist. Ct. for the N. Dist. of Cal. (In re Cavanaugh)*, 306 F.3d 726, 729 (9th Cir. 2002). The State's claim that there was some latent ambiguity in this Court's opinion lacks merit. The State was wrong, and the district court was wrong to issue an order defying this Court.

## A. This Court Ruled That Section 22949.80, in Its Entirety, Is "Likely Unconstitutional"

For purposes of Appellants' post-mandate preliminary injunction, it is section 22949.80—in its entirety—that is "likely unconstitutional." *Jr. Sports* at 1120-21. As this Court already found, in a published opinion, directly marketing legal firearm-related products to minors is protected commercial speech under the First Amendment (as long as it otherwise complies with state and federal law). *Id.* at 1116-17. This Court also held that the State's purported interest in restricting that speech vis-à-vis section 22949.80 was insufficient to save the law under *Central Hudson*. *Id.* at 1117-20. It strains credulity to think that any portion of section 22949.80 is still somehow valid.

Subsections (a) and (b) both restrict "firearm industry members" from engaging in marketing and advertising of "firearm-related products" directed to youth. But this Court expressly held that this commercial speech is protected by the First Amendment in the first appeal. Subsection (b) prohibits the "use, disclos[ur]e, and compil[ation], of personal information … of [a] minor … for the purpose of marketing or advertising to … minor[s] any firearm-related product." Cal. Bus. & Prof. Code § 22949.80(b). If marketing firearm-related products to minors is protected speech, then the use and maintenance of mailing lists necessary to conduct

such marketing activities must also be protected. *See infra* Part I.B. Otherwise, Junior Sports Magazines and the other institutional plaintiffs could not even "use" their own mailing lists, compiled as part of subscription or membership drives, to engage in the very same speech (marketing or advertising to minors) that was found to be protected speech. Nor could a manufacturer's collection of owner information on product warranty cards be used to contact customers about product updates or recalls.[4]

The State's post-remand position that only subsection (a) should be subject to the injunction is borderline frivolous. The relief Appellants sought in their original motion for preliminary injunction was explicitly laid out in the proposed order filed with that motion. Barvir Decl., Ex. B. It requested that "during the pendency of this action, the named [d]efendant, his employees, agents, successors in office, and all District Attorneys, County Counsel, and City Attorneys holding office in the state of California, as well as their successors in office, are enjoined and restrained from engaging in, committing, or performing, directly or indirectly, by any means whatsoever, any enforcement of AB 2571, codified at Business & Professions Code section 22949.80." *Id.*

Nothing in the panel opinion or the mandate suggests that post-appeal relief should be narrower than what Appellants requested in their original motion. More to the point, the State made this "only subsection (a)" argument, for the first time after remand. This constitutes either abandonment or waiver of the issue. Fed. R. App. P. 28(a)(8)(A), (b) (Appellate brief must include the party's "contentions and reasons for

---

[4] Furthermore, subsection (d) directly contradicts subsection (b) by preventing firearm industry members from collecting or retaining age information about their users or subscribers. This makes the whole statute, and specifically subsection (b), impossible to comply with. The remaining sections have no practical effect if section 22949.80's speech restrictions are unconstitutional and unenforceable. Subsection (c) sets forth definitions for the rest of the statute. Subsection (e) lays out the civil penalties and provides enforcement authority. And subsection (f) is the vestigial severability clause the State now invokes.

them, the citations to the authorities and parts of the record on which [the party] relies."). *See also Day v. Orrick, Herrington & Sutcliffe, LLP*, 2022 U.S. App. LEXIS 24319, *1-2 (Aug. 29, 2022) (party waived arguments it did not address in its answering brief but tried to raise in its petition for rehearing) (citing *Crime Just. & Am., Inc. v. Honea*, 876 F.3d 966, 978 (9th Cir. 2017) ("Issues raised in a brief which are not supported by argument are deemed abandoned."); *United States v. Dreyer,* 804 F.3d 1266, 1277 (9th Cir. 2015) (en banc) ("Generally, an appellee waives any argument it fails to raise in its answering brief."); *Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009) (Appellee waived an issue by "declining to advance any argument" regarding the issue in his opening brief)).

While the State's Answering Brief in the first appeal does repeatedly cite subsection (a), the context of those citations makes clear that the State was merely explaining the function and effect of the statute. Appellees' Answering Brief 4-5, 15-16, 20, 34, *Jr. Sports Mags.*, 80 F.4th 1109 (9th Cir. Jan. 27, 2023), ECF No. 20. Not once did the State argue that only subsection (a)'s constitutionality was the sole issue on appeal. Nor did it ask the panel to limit the scope of the first appeal to only subsection (a).

The State's Petition for Rehearing En Banc is even more damning in this respect. In its petition, the State identified that "[t]he law at issue here is Section 22949.80 of the California Business and Professions Code." Appellees' Petition for Rehearing En Banc at 3, *Jr. Sports Mags.*, 80 F.4th 1109 (9th Cir. Nov. 13, 2023), ECF No. 49. It also acknowledged that Appellants here (and in the companion *Safari Club* case) "moved for a preliminary injunction against Section 22949.80 *in its entirety.*" *Id.* at 6 (emphasis added). Nor was the petition's analysis limited to any one subsection. *Id.* On the contrary, it speaks broadly about the policy interests advanced by the legislature and its motive for enacting section 22949.80 as a whole. *Id.* Furthermore, the State's petition did not even suggest that rehearing was necessary to clarify or limit

the scope of the original panel's decision to only subsection (a). And no judge on the Court even called for a vote. Order, *Jr. Sports Mags.*, 80 F.4th 1109 (9th Cir. Feb. 20, 2024), ECF No. 52.

If the State was suggesting on remand that the panel's holding was overbroad or otherwise in error, then its remedy—from as far back in federal judicial practice as *Martin v. Hunter's Lessee*, 14 U.S. 304 (1816)—lies in a petition to the Supreme Court. It does not lie in advocating that the trial court defy a decision issued by a court of higher authority. "[U]nless we wish anarchy to prevail within the federal judicial system, a precedent … must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." *Hutto v. Davis,* 454 U.S. 370, 375 (1982). The remedy mandated by this Court was the issuance of the preliminary injunction originally denied in the district court, one that enjoins enforcement of section 22949.80 *in its entirety* by the Attorney General and his agents, as well as all District Attorneys, City Attorneys, and County Counsels charged with enforcing the law on behalf of the People of the State. It is not the place of the State or the district court to second-guess that decision and its mandate on remand.

Lastly, it is more than frivolous for the State to suggest that the original panel did not know how to fashion its opinion or mandate to limit its scope to subsection (a). To believe that, one would have to assume that three judges of this Court did not know where the parentheses and small "a" keys were on their keyboards when they drafted an opinion that concludes with "§22949.80 is likely unconstitutional under the First Amendment." *Jr. Sports Mags.*, 80 F.4th at 1121.

## B. Even If This Court Considers Subsection (b) in Isolation, It Is "Likely Unconstitutional"

Even though the original panel already adjudicated the likely unconstitutionality of section 22949.80 in its entirety, Appellants here, in an effort at thoroughness, address whether subsection (b) is itself "likely unconstitutional" when applying the

law of the case to subsection (b). Since this Court already found that section 22949.80 is subject to commercial speech analysis, it follows that "*Central Hudson*'s intermediate scrutiny applies" with equal force to subsection (b). *Jr. Sports Mags.*, 80 F.4th at 1115.

At the first step of that analysis, there can be no serious dispute that section 22949.80 "facially regulates speech whose content concerns lawful activities and is not misleading." *Id.* at 1117. The only question, then, becomes whether subsection (b) itself restricts the speech that this Court already held is protected under the First Amendment—i.e., marketing and advertising of firearm-related products directed to minors. Since it does, and since *Junior Sports* is dispositive of the remaining issues, subsection (b) is itself "likely unconstitutional." *Id.* at 1121.

### 1.    Subsection (b) regulates commercial speech.

Subsection (b) plainly restricts commercial speech in furtherance of the same illicit state interests as the statute's other subsections. The State's (mis)characterization of subsection (b) as no more than a "privacy provision" that does not "regulate any advertising or similar types of communications," conflicts with both the statute's plain text and its legislative history. Defendant's Limited Opposition to Motion to Enforce the Mandate at 1-2, *Jr. Sports Mags.*, 80 F.4th 1109 (C.D. Cal. May 20, 2024), ECF No. 62. Far from simply safeguarding the personal information of minors, subsection (b) acts as a ban on marketing lawful firearm-related products to them—just like the rest of the "likely unconstitutional" law does. It cannot be segregated from the other provisions of section 22949.80 and spared from judicial scrutiny under *Central Hudson*.

"Effective speech has two components: a speaker and an audience. A restriction on either of these components is a restriction on speech." *U.S. West, Inc. v. FCC*, 182 F.3d 1224, 1232 (10th Cir. 1999) (citing *Va. State Bd. of Pharmacy v. Va. Citizens Council, Inc.*, 425 U.S. 748, 756-57 (1976); *Martin v. City of Struthers*, 319 U.S. 141, 143 (1943)). Laws restricting the use or disclosure of personal information for marketing and advertising purposes restrict commercial speech and thus warrant

*Central Hudson* scrutiny. *Id.* at 1232-33 & n.4 (holding that use of customer personal information to facilitate marketing to customers constitutes commercial speech); 17 FCC Rcd. 14860 (adopting the approach taken by the Tenth Circuit in *U.S. West*). *See also Sorenson Commcns. v. FCC*, 567 F.3d 1215, 1225-26 (10th Cir. 2009) (holding that restriction on the use of customer data restricts commercial speech in violation of the First Amendment); *Verizon Nw. v. Showalter*, 282 F. Supp. 2d 1187 (W.D. Wash. 2003) (holding that a rule requiring customer approval for the use of customer data restricts "protected commercial speech").

Subsection (b) prevents "firearm industry members" (and *only* "firearm industry members") from compiling, using, or disclosing minors' contact information if they intend to market or advertise products that minors can lawfully possess and use. Again, subsection (b) provides:

> [A] firearm industry member publishing material directed to minors in this state or who has actual knowledge that a minor in this state is using or receiving its material, *shall not knowingly use, disclose, compile, or allow a third party to use, disclose, or compile,* the personal information of that minor with actual knowledge that the use, disclosure, or compilation is *for the purpose of marketing or advertising to that minor any firearm-related product.*

(Emphasis added.)

The provision bears all the indicia of a speech restriction. It facially regulates speech in the form of the "use" or "disclosure" of personal information "*for the purpose of marketing or advertising* to that minor any firearm-related product." Cal. Bus. & Prof. § 22949.80(b) (emphasis added). It applies to only a specific category of speakers— "firearm industry member[s]" that "publish material directed to minors" in California. *Id.* And it restricts those speakers from "using" or "disclosing" personal information to market or advertise firearm-related products to young people. *Id.* In that way, subsection (b) bans the very same speech that this Court already held is constitutionally protected. *See Jr. Sports Mags.*, 80 F.4th at 1113, 1121. That the ban

aligns with the law's stated legislative intent to "further restrict the marketing and advertising of firearms to minors" underscores Appellants' argument. Assemb. B. 2571, 2021-2022 Reg. Sess., § 1(a)-(b) (Cal. 2022).[5]

There is no dispute that *Junior Shooters* magazine includes "marketing" and "advertising" of "firearm-related product[s]," as those terms are defined by section 22949.80, triggering liability under subsection (b). *See Jr. Sports Mags.*, 80 F.4th at 1113 (citing as an example "an ad about hunting rifles in Junior Sports Magazines' *Junior Shooters*"). Nonsensically, subsection (b) prohibits Junior Sports Magazines from maintaining a mailing list of its own youth subscribers because it "uses" that personal information for the "purpose of marketing or advertising" firearm-related products to them. Even worse, it provides no opt-in mechanism for youth shooters who expressly want—and even pay—to hear the message of "firearm industry members,' like Junior Sports Magazines and its advertisers. Likewise, subsection (b) prohibits Appellants from disclosing personal information to third parties for commercial purposes. These are classic restrictions of commercial speech.

### 2. As this Court already held, subsection (b) fails *Central Hudson*

In reversing the denial of Appellants' first motion for preliminary injunction, this Court made all the findings necessary to grant the relief Appellants sought in their second motion. *See Jr. Sports Mags.*, 80 F.4th at 1117-21. Those findings were binding on the district court and are also now binding on this Court in its re-review of the case under the "rule of mandate" and the "law of the case" doctrine. *Quern v. Jordan*, 440 U.S. 332, 347 n. 18 (1979) (rule of mandate requires that, on remand, the lower court's actions must be consistent with both the letter and the spirit of the higher

---

[5] Notably, the bill does not speak of any intent to protect minor privacy and shield them from misuse of their personal information. It speaks only of shielding them from accessing constitutionally protected firearm-related marketing.

court's decision); *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) (under the "law of the case," a court may not "reconsider[] an issue that has already been decided by the same court, or a higher court in the identical case").

Since subsection (b) restricts commercial speech, and because this Court already rejected the State's claim that its purported public safety interests justified restricting that speech, *Jr. Sports Mags.*, 80 F.4th at 1117-20, there can be no other outcome here. Subsection (b)—just like the rest of section 22949.80—is "likely unconstitutional" and Appellants are entitled to preliminary relief. The "law of the case" mandates this result.

## III. THE REMAINING *NKEN-WINTER* FACTORS SUPPORT TEMPORARY RELIEF

Appellants also meet the remaining factors for injunctive relief pending appeal. Indeed, this Court has already held that Appellants have "demonstrate[ed] a likelihood of success on the merits of its claim." *Jr. Sports Mags.*, 80 F.4th at 120-21. "[W]hen a party has established a likelihood of success on the merits of a constitutional claim— particularly one involving a fundamental right—the remaining *Winter* factors favor enjoining the likely unconstitutional law." *Id.* (citing *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012). Indeed, "the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Id.* (quoting *Melendres*, 695 F.3d at 1002). And this Court has consistently held that when challenging government action that affects the exercise of constitutional rights—especially First Amendment freedoms—"[t]he balance of equities and the public interest … tip sharply in favor of enjoining the" law. *Klein v. City of San Clemente*, 584 F.3d 1196, 1208 (9th Cir. 2009).

Enjoining section 22949.80, in its entirety, will end the ongoing violation of the First Amendment rights of Appellants and all people seeking to engage in protected expression barred by the state's extraordinarily broad ban, as well as those who seek to hear the messages censored by section 22949.80. What's more, subsection (b) punishes "firearm industry members" (and only them) for having "actual knowledge"

that a minor is using or receiving their marketing and advertising material. This is the essence of what was found to be protected in *Junior Sports*. Since having this "actual knowledge" is concededly the protected activity, subsection (b) becomes a strict liability statute, imposing civil penalties of $25,000 for each violation. Cal. Bus. & Prof. § 22949.80(e)(1)-(6). This is designed to either bankrupt Appellants or keep them bogged down in endless litigation and discovery, which will inevitably lead to bankruptcy or continued self-censorship. Indeed, the State is apparently quite zealous in taking enforcement actions against media companies engaged in allegedly illegal commercial speech to minors. For example, the Attorney General recently announced a *$500,000* settlement in *People v. Tilting Point Media, LLC*, an enforcement action brought by the Attorney General, in cahoots with the Los Angeles City Attorney, against a video game publisher for collecting minor contact information. This joint enforcement action illustrates well the substantial threat Junior Sports Magazines faces if subsection (b) is not enjoined and why any injunction issued must restrain all public officials expressly charged with enforcing this "likely unconstitutional" law.[6]

Appellants' interests far outweigh whatever burden the State might allege. The government "cannot suffer harm from an injunction that merely ends an unlawful practice or reads a statute as required to avoid constitutional concerns." *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013). This Court has already held that section 22949.80 does not advance the State's purported public safety interests in any meaningful or material way. *Jr. Sports Mags.*, 80 F.4th at 1117-19. And even if the State claims that subsection (b) is merely designed to protect the privacy of minors, existing state and federal laws already provide strong protections against the misuse of minors'

---

[6] Press Release, *Attorney General Bonta, L.A. City Attorney Feldstein Soto, Announce $500,000 Settlement with Tilting Point Media for Illegally Collecting and Sharing Children's Data* (June 18, 2024), https://oag.ca.gov/news/press-releases/attorney-general-bonta-la-city-attorney-feldstein-soto-announce-500000 (last accessed July 18, 2024).

personal information that the State can rely on while this action proceeds. *See* California Consumer Privacy Act ("CCPA"), Cal. Bus. & Prof. Code § 22581;[7] Children's Online Privacy Protection Act of 1998 ("COPPA"), 15 U.S.C. § 6501.

## IV. THE PRELIMINARY INJUNCTION SHOULD BIND NOT JUST THE ATTORNEY GENERAL AND HIS AGENTS—BUT EVERY PERSON IN ACTIVE CONCERT OR PARTICIPATION WITH HIM

Appellants have requested, among other orders, a preliminary injunction against the enforcement of section 22949.80 directed to the Attorney General, "his employees, agents, successors in office, and all District Attorneys, County Counsel, and City Attorneys holding office in the state of California, as well as their successors in office." The Central District issued a limited order that would enjoin only the Attorney General's office from enforcing subsection (a).

Rule 65(d)(2) allows district courts to enjoin any of "the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Fed. R. Civ. P. 65(d)(2). "The Supreme Court has interpreted this language to allow injunctions to bind not only defendants but also people 'identified with them in interest, in "privity" with them, represented by them or subject to their control.'" *Cal. Chamber of Com. v. Council for Educ. & Research on Toxics*, 29 F.4th 468, 483 (9th Cir. 2022) (quoting *Golden State Bottling Co. v. NLRB*, 414 U.S. 168, 179 (1973); *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945)). Otherwise, defendants could "nullify a decree by carrying out prohibited acts through aiders and abettors" simply because they were not named parties. *Regal Knitwear*, 324 U.S. at 14. To avoid that outcome, injunctive relief in this case should bind *all* public officials expressly authorized to

---

[7] Though some applications of the CCPA are likely unconstitutional under *Junior Sports Magazines*, at least the law provides prophylactic measures that a website operator can take to avoid liability. Section 22949.80(b) includes no such protections.

enforce section 22949.80—both parties and non-parties. At a minimum, any injunction should enjoin enforcement by the Attorney General, his officers, agents, servants, and employees, and anyone else in active concert or participation with those persons.[8]

It is undisputed that the Attorney General, his successors in office, and their agents are the proper subject of Appellants' requested injunction. He is, after all, a named party. He is sued in his official capacity. And he is expressly tasked with enforcing section 22949.80. The Attorney General is thus appropriately bound by any injunction this Court issues. Fed. R. Civ. P. 65(d)(2); *Ex parte Young*, 209 U.S. 123, 157 (1908) (holding that the public official to be restrained "must have some connection with the enforcement of the act").

Under Rule 65(d)(2), this Court may also enjoin enforcement by those subordinate officers over whom the Attorney General has direct supervisory authority. Fed. R. Civ. P. 65(d)(2)(B). This includes all 58 District Attorneys who, along with the Attorney General, are expected to bring civil actions to enforce the law in the name of the People. Cal. Bus. & Prof. Code § 2949.80(e)(1). Indeed, under Article V, section 13 of the California Constitution, the Attorney General's powers include "direct supervision over every district attorney and sheriff and over such other law enforcement officer as may be designated by law, in all matters pertaining to the duties of their respective offices."

---

[8] This is similar to the injunction issued in *Safari Club*: "Accordingly, the court ORDERS that pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendant California Attorney General Rob Bonta and the California Department of Justice, their officers, agents, servants, employees, and anyone else in active concert or participation with any of the aforementioned people or entities, are hereby preliminarily enjoined from enforcing California Business & Professions Code § 22949.80." Order Granting Plaintiffs' Motion for a Preliminary Injunction at 2, *Safari Club Int'l v. Bonta*, No. 22-cv-01395 (E.D. Cal. April 11, 2024), ECF No. 56.

Finally, an injunction may be issued to enjoin enforcement of section 22949.80 by nonparty County Counsels and City Attorneys even though they are not employed by the State itself. Both Rule 65 and the common-law principles it stands for contemplate two categories of nonparties that an injunction may bind: (1) "nonparties acting in concert with a bound party"; and (2) "nonpart[ies] in 'privity' with an enjoined party." *Nat'l Spiritual Assem. of Ba'his of U.S. Under Hereditary Guardianship, Inc. v. Nat'l Spiritual Assem. of Ba'his of U.S., Inc.*, 628 F.3d 837, 848 (7th Cir. 2010) (citing *Golden State Bottling*, 414 U.S. at 179-80, 94; *Regal Knitwear*, 324 U.S. at 14; *Rockwell Graphic Sys., Inc. v. DEV Indus., Inc.*, 91 F.3d 914, 919 (7th Cir. 1996)).

This case concerns both types of nonparties. First, all District Attorneys, County Counsels, and City Attorneys in California are statutorily bound to enforce this law, and thus they "act in concert" with the Attorney General under section 22949.80(e)(1). But the justification for a broader injunction is even more apparent under the privity analysis. "[P]rivity exists when a third party's interests are so intertwined with a named party's interests that it is fair under the circumstances to hold the third party bound by the judgment against the named party." *Saga Int'l, Inc. v. John D. Brush & Co.*, 984 F. Supp. 1283, 1287 (C.D. Cal. 1997) (citing *United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1003 (9th Cir. 1980)). Privity can arise if the nonparty's "interests are adequately represented by the named party … or if some other implied or in-fact representation or alignment of interests existed between the parties." *Id.* (citing *ITT Rayonier*, 627 F.2d at 1003). Here, the interests of nonparty District Attorneys, County Counsels, and City Attorneys are identical to the interests of the Attorney General. They are all authorized by the State to bring civil actions under section 22949.80(e)(1). That interest was more than adequately represented by the Attorney General, who (as the chief law officer of the state) has a duty to "see that the laws of the State are uniformly and adequately enforced." Cal. Const. art. 5, § 13.

The district court had, and this Court has, the authority to issue an injunction that binds not only the Attorney General, but his officers, employees, agents, employees, and attorneys, and every person in active concert or participation with him—including those state and local public officials authorized to enforce section 22949.80.

## CONCLUSION

For these reasons, the Court should grant Appellants' Motion for Preliminary Injunction Pending Appeal and enjoin section 22949.80—in its entirety—against all public officials authorized by this unconstitutional law to enforce it.

Dated: July 18, 2024   **MICHEL & ASSOCIATES, P.C.**

s/ Anna M. Barvir
Anna M. Barvir
*Counsel for Plaintiffs Junior Sports Magazines, Inc., Raymond Brown, California Youth Shooting Sports Association, Inc., Redlands California Youth Clay Shooting Sports, Inc., California Rifle & Pistol Association, Incorporated, The CRPA Foundation, and Gun Owners of California, Inc.*

Dated: July 18, 2024   **LAW OFFICES OF DONALD KILMER, APC**

s/ Donald Kilmer
Donald Kilmer
*Counsel for Plaintiff Second Amendment Foundation*

## DECLARATION OF ANNA M. BARVIR

I, Anna M. Barvir, declare:

1. I am an attorney at the law firm Michel & Associates, P.C., attorneys of record for Plaintiffs-Appellants in this action. I am an attorney licensed to practice law in the State of California and before this Court. I am counsel of record in the above-captioned matter, and I have personal knowledge of the matters stated below.

2. After the Ninth Circuit mandate was issued and this case returned to this Court, this Court entered an order setting an April 8, 2024, status conference regarding filing and spreading the Ninth Circuit Mandate.

3. In preparation for that conference, the parties met and conferred on April 4, 2024, to discuss potential avenues for the efficient disposition of this case and other procedural matters. On behalf of Plaintiffs-Appellants, I asked Mr. Kevin Kelly and Ms. Gabrielle Boutin, counsel for Defendant-Appellee, to consider entering into a stipulation for entry of an order for a final judgment enjoining enforcement of section 22949.80. Counsel refused to do so at that time.

4. Alternatively, I asked counsel for the State to stipulate to and jointly request an order for a preliminary injunction to protect my clients' interests pending further discussions or litigation. Counsel again refused and, instead, urged Plaintiffs-Appellants to renew their motion for a preliminary injunction, stating that the State would either not oppose the motion or would file a non-opposition. We agreed to file a renewed motion for preliminary injunction with the understanding that the State would not file an opposition.

5. A day after meeting and conferring, however, Mr. Kelly emailed me to notify me that the State would oppose any preliminary injunction that was not limited to section 22949.80, subsection (a), claiming that such was the only restriction on speech the Ninth Circuit opinion addressed. Mr. Kelly also emailed me that the State

would request a second 30-day extension to respond to the complaint at the upcoming April 8 status conference.

6.      During the April 8 status conference, the State requested 30 more days to respond to the Complaint—over Plaintiffs-Appellants' objection that, without a preliminary injunction in place, the delay risked the further violation of their First Amendment rights in violation of the Ninth Circuit's order. The Court did not enter a preliminary injunction but did orally encourage the parties to continue to meet and confer to resolve the case and, if possible, enter any order necessary to address the mandate. This Court also set another status conference for May 13, 2024, with a joint status conference statement due on May 6, 2024. The Court later continued the conference to May 15, 2024.

7.      In compliance with this Court's guidance at the April 8 status conference, counsel for the parties exchanged correspondence discussing settlement and the scope of any order that would address this Court's mandate. On April 16, 2024, in light of the recent order granting a preliminary injunction against Business & Professions Code § 22949.80 in the related *Safari Club International* case, I asked Mr. Kelly and Ms. Boutin to stipulate to and jointly request this Court enter an identical order preliminarily enjoining section 22949.80. I also informed them that, if the parties could not agree to so stipulate, Plaintiffs-Appellants would move for a preliminary injunction—as the State proposed they do during the April 4 meet-and-confer and as Plaintiffs informed the Court they would do during the April 8 status conference. Mr. Kelly responded that he did not believe that a preliminary injunction order was necessary and that if Plaintiffs-Appellants moved to have anything more than section (a) enjoined, the State would oppose such a motion.

8.      Through their attorneys of record, the parties met and conferred one last time on May 2, 2024, to prepare for the May 15 case management conference. Once again, we discussed Plaintiffs-Appellants' intention to move for a preliminary

injunction in hopes that the parties could come to an agreement. As a courtesy, I sent Ms. Boutin a draft of our intended motion before the call. The parties remained unable to come to an agreement.

9.      On or about July 12, 2024, Mr. Donald Kilmer, my co-counsel, emailed Ms. Boutin, to provide notice that Plaintiffs-Appellants would be filing this Rule 8 motion for preliminary injunction pending appeal. He copied me on that email notice. On or about July 16, 2024, Ms. Bouton responded, indicating that the State would oppose this motion.

10.    A true and correct copy of the Central District of California's Order Re: Plaintiffs' Motion to Enforce the Mandate and Issue Preliminary Injunction, dated June 18, 2024, is attached as **Exhibit A**.

11.    A true and correct copy of the Proposed Order that Plaintiffs-Appellants submitted together with their initial Motion for Preliminary Injunction is attached as **Exhibit B**.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in Temescal Valley, California, on July 18, 2024.

s/ Anna M. Barvir         
Anna M. Barvir
Declarant

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　　**'O'**

| Case No. | 2:22-cv-04663-CAS (JCx) | | Date | June 18, 2024 |
|---|---|---|---|---|
| Title | JUNIOR SPORTS MAGAZINES INC. v. ROB BONTA | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**　　(IN CHAMBERS) - PLAINTIFFS' MOTION TO ENFORCE THE NINTH CIRCUIT'S MANDATE AND ISSUE PRELIMINARY INJUNCTION (Dkt. 59, filed on May 2, 2024)

## I.　INTRODUCTION

Presently before the Court is plaintiffs' motion to enforce the Ninth Circuit's mandate and enter preliminary injunction. Dkt. 59.

On July 7, 2022, plaintiffs Junior Sports Magazines Inc.; Raymond Brown, California Youth Shooting Sports Association, Inc.; Redlands California Youth Claw Shooting Sports, Inc.; California Rifle & Pistol Association, Incorporated; The CRPA Foundation; Gun Owners of California, Inc.; and Second Amendment Foundation (collectively, "plaintiffs") filed suit against Rob Bonta, in his official capacity as the Attorney General of California.　Dkt. 1 ("Compl.").　Plaintiffs challenge the constitutionality, and seek to prevent the enforcement, of California Business & Professions Code Section 22949.80.　Id. at ¶ 4.　Section 22949.80(a) prohibits firearm industry members from advertising or marketing, as defined, firearm-related products in a "manner that is designed, intended, or reasonably appears to be attractive to minors."　Id.

Plaintiffs' complaint asserts claims for (1) violation of the right to free speech ("political & ideological speech") under the First Amendment; (2) violation of the right to commercial speech under the First Amendment; (3) violation of the rights to association and assembly under the First Amendment; and (4) violation of the Fourteenth Amendment's Equal Protection Clause.　Compl. ¶¶ 107–230.

On July 20, 2022, plaintiffs filed a motion for a preliminary injunction enjoining enforcement of Section 22949.80.　Dkt. 12-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL              'O'

| Case No. | 2:22-cv-04663-CAS (JCx) | Date | June 18, 2024 |
|---|---|---|---|
| Title | JUNIOR SPORTS MAGAZINES INC. v. ROB BONTA | | |

On August 30 and 31, 2022, the California Senate and Assembly passed AB 160, containing amendments to Section 22949.80. On September 29, 2022, Governor Gavin Newsom signed AB 160 into law.

On October 24, 2022, the Court denied plaintiffs' motion for a preliminary injunction. Dkt. 35. On November 21, 2022, plaintiffs appealed the Court's denial of their motion for a preliminary injunction to the Ninth Circuit. Dkt. 37.

On September 13, 2023, the Ninth Circuit reversed this Court's denial of plaintiffs' motion and remanded "for further proceedings consistent with [the Ninth Circuit's] opinion." Dkt. 46. On February 28, 2024, the Ninth Circuit issued its mandate. Dkt. 51.

On May 2, 2024, plaintiffs filed the instant motion to enforce the Ninth Circuit's mandate and issue a preliminary injunction. Dkt. 59 ("Mot."). On May 20, 2024, defendant filed a limited opposition. Dkt. 62 ("Opp."). On May 24, 2024, plaintiffs filed a reply. Dkt. 63 ("Reply").

On June 4, 2024, plaintiff filed a notice of supplemental authority. Dkt. 64.

On June 10, 2024, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

### A.   AB 2571/Section 22949.80

On June 30, 2022, Governor Gavin Newsom signed AB 2571 into law. Compl. ¶ 43. As initially enacted, AB 2571 adds Chapter 39 "Marketing Firearms to Minors" to the California Business and Professions Code. The newly modified Section 22949.80 includes subsections (a) through (f), described below.

#### 1.   Subsection (a)

Section 22949.80(a)(1) establishes that "[a] firearm industry member shall not advertise, market, or arrange for placement of an advertising or marketing communication offering or promoting any firearm-related product in a manner that is designed, intended, or reasonably appears to be attractive to minors."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-cv-04663-CAS (JCx) | Date | June 18, 2024 |
|----------|--------------------------|------|----------------|
| Title | JUNIOR SPORTS MAGAZINES INC. v. ROB BONTA | | |

2.    Subsection (b)

Section 22949.80(b) provides that "[a] firearm industry member publishing material directed to minors in this state or who has actual knowledge that a minor in this state is using or receiving its material, shall not knowingly use, disclose, compile, or allow a third party to use, disclose, or compile, the personal information of that minor with actual knowledge that the use, disclosure, or compilation is for the purpose of marketing or advertising to that minor any firearm-related product."

3.    Subsection (c)

Section 22949.80(c) provides definitions for a number of terms referenced in other subsections. "Firearm industry member" is defined by Subsection 22949.80(c)(4) in two non-exclusive ways. The first definition is a "person, firm, corporation, company, partnership, society, joint stock company, or any other entity or association engaged in the manufacture, distribution, importation, marketing, wholesale, or retail sale of firearm-related products." Cal. Bus. & Prof. Code 22949.80(c)(4)(A). The second definition is:

A person, firm corporation, company, partnership, society, joint stock company, or any other entity or association formed for the express purpose of promoting, encouraging, or advocating for the purchase, use, or ownership of firearm-related products that does one of the following:

(i)    Advertises firearm-related products.

(ii)    Advertises events where firearm-related products are sold or used.

(iii)    Endorses specific firearm-related products.

(iv)    Sponsors or otherwise promotes events at which firearm-related products are sold or used.

Id. at 22949.80(c)(4)(B).

A "firearm-related product" is defined by Subsection 22949.80(c)(5) as a "firearm, ammunition, reloaded ammunition, a firearm precursor part, a firearm component, or a firearm accessory" meeting any of these four conditions: "[t]he item is sold, made, or distributed in California," "[t]he item is intended to be sold or distributed in California,"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-cv-04663-CAS (JCx) | Date | June 18, 2024 |
|---|---|---|---|
| Title | JUNIOR SPORTS MAGAZINES INC. v. ROB BONTA | | |

"[i]t is reasonably foreseeable that the item would be sold or possessed in California," or "[m]arketing or advertising for the item is directed to residents of California." Id. at § 22949.80(c)(5).

"[M]arketing or advertising" is defined in Subsection 22949.80(c)(6) to mean, "in exchange for monetary compensation, to make a communication to one or more individuals, or to arrange for the dissemination to the public of a communication, about a product, the primary purpose of which is to encourage recipients of the communication to engage in a commercial transaction." Id. at § 22949.80(c)(6).

4.    Subsection (d)

Section 22949.80(d) provides that "[t]his section shall not be construed to require or authorize a firearm industry member to collect or retain age information about users or subscribers of products or services offered."

5.    Subsection (e)

Section 22949.80(e) provides that anyone who violates this section "shall be liable for a civil penalty not to exceed [$25,000] for each violation, which shall be assessed and recovered in a civil action brought in the name of the people of the State of California by the Attorney General or by any district attorney, county counsel, or city attorney in any court of competent jurisdiction." Id. § 22949.80(e)(1). Subsection 22949.80(e)(3) also authorizes any "person harmed by a violation of this section" to "commence a civil action to recover their actual damages," as well as "reasonable attorney's fees and costs." Id. at § 22949.80(e)(3)–(5).

6.    Subsection (f)

Section 22949.80(f) is a severability clause that provides:

The provisions of this section are severable. If any portion, subdivision, paragraph, clause, sentence, phrase, word, or application of this section is for any reason held to be invalid by any court of competent jurisdiction, that decision shall not affect the validity of the remaining portions of this chapter. The Legislature hereby declares that it would have adopted this section and each and every portion, subdivision, paragraph, clause, sentence, phrase, word, and application not declared invalid or unconstitutional without regard

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:22-cv-04663-CAS (JCx) | | Date | June 18, 2024 |
|----------|-------------------------|--|------|---------------|
| Title | JUNIOR SPORTS MAGAZINES INC. v. ROB BONTA | | | |

to whether any other portion of this section or application thereof would be subsequently declared invalid.

Id. at § 22949.80(f).

### B.    Denial of Plaintiff's Motion for Preliminary Injunction

On October 24, 2022, the Court denied plaintiffs' motion for a preliminary injunction enjoining the enforcement of Section 22949.80. Dkt. 35. The Court denied the motion after finding that plaintiffs were not likely to succeed on the merits of their claims. In doing so, the Court noted that, aside from Section 22949.80(a)'s prohibition on advertising firearm-related products to minors, Section 22949.80 "[also] contains two privacy-related provisions, Subsections 22949.80(b) and 22949.80(d)." Id. at 6 n.3. It further noted that "[n]either of [these subsections] have been challenged by plaintiffs in their complaint or briefing . . . , although they are evidently encompassed by plaintiffs' request to 'enjoin the enforcement of [S]ection 22949.80.'" Id. at 6 n.3.

### C.    Ninth Circuit Opinion

The Ninth Circuit reversed, holding that "Junior Sports Magazines is likely to prevail on the merits of its First Amendment claim." Dkt. 46 at 11. Specifically, it concluded that "[Section] 22949.80 is likely unconstitutional under the First Amendment, and we thus REVERSE the district court's denial of a preliminary injunction and REMAND for further proceedings consistent with this opinion." Id. at 21.

Plaintiffs now move for a preliminary injunction ordering that:

[D]uring the pendency of this action, the named Defendant, his employees, agents, successors in office, and all District Attorneys, County Counsel, and City Attorneys holding office in the state of California, as well as their successors in office, are enjoined and restrained from engaging in, committing, or performing, directly or indirectly, by any means whatsoever, any enforcement of AB 2571, codified at Business & Professions Code section 22949.80[.]

Dkt. 59-3 at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-cv-04663-CAS (JCx) | Date | June 18, 2024 |
|---|---|---|---|
| Title | JUNIOR SPORTS MAGAZINES INC. v. ROB BONTA | | |

## III.  DISCUSSION

The parties disagree on two issues regarding the scope of the injunction required by the Ninth Circuit's mandate.  First, they disagree as to whether the Ninth Circuit held that Section 22949.80 is likely unconstitutional *in its entirety*, or whether its holding was limited to *only subsection (a)* of Section 22949.80.  Second, they disagree as to whether an injunction may extend to "all District Attorneys, County Counsel, and City Attorneys holding office in the state of California."  See Dkt. 59-3 at 2.  The Court addresses each issue in turn.

### A.   Statutory Scope of Injunction

Plaintiffs argue that they are "entitled to a preliminary injunction enjoining enforcement of [S]ection 22949.80 [] in its entirety" because "[t]he Ninth Circuit has already made all the necessary findings for granting a preliminary injunction in its disposition."  Mot. at 6.  They contend that "[t]he plain text of the [Ninth Circuit's] opinion – which is now the law of the case – contradicts th[e] assertion" that "the Ninth Circuit declared only subsection (a) unconstitutional."  Id. at 7.  In support, they emphasize that (1) their initial motion for a preliminary injunction expressly requested an injunction enjoining "any enforcement of AB 2571, codified at Business and Professions Code [S]ection 22949.80"; (2) defendant never argued that "*only* subsection (a)'s constitutionality was the *sole* issue on appeal"; (3) defendant's petition for rehearing acknowledged that plaintiffs "moved for a preliminary injunction against Section 22949.80 *in its entirety*"; (4) the Eastern District, in the coordinated case of Safari Club International v. Bonta, No. 22-cv-01395-DAD-JDP (E.D. Cal.), has already issued a preliminary injunction against the enforcement of the entire statute; (5) defendant and this Court are "foreclosed . . . from reconsidering the Ninth Circuit's opinion on remand"; and (6) the Ninth Circuit would have added "(a)" after "§ 22949.80" if they intended to limit their holding to subsection (a).  Id. at 8-10.

Plaintiffs further argue that "[i]t strains credulity to think that the rest of [S]ection 22949.80 is still somehow valid" in light of the Ninth Circuit's finding "that directly marketing firearms to minors (as long as such marketing otherwise complies with state and federal law) is protected commercial speech under the First Amendment."  Mot. at 9-10.  They assert that subsection (b), which prohibits the disclosure of minors' personal information for the purpose of marketing firearm-related products to such minors, impermissibly regulates protected conduct because the Ninth Circuit has found that "the

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL      'O'

| Case No. | 2:22-cv-04663-CAS (JCx) | Date | June 18, 2024 |
|---|---|---|---|
| Title | JUNIOR SPORTS MAGAZINES INC. v. ROB BONTA | | |

marketing activities of firearm industry members . . . [is] protected speech." Id. at 10. They claim that subsection (d) fails for the same reason. Id. They further contend that subsection (c)'s definitions "are now potentially vague and ambiguous because the law using those code-specific definitions has been found unconstitutional," and also argue that subsection (e) "is rendered nonsensical because it is the enforcement mechanism for a[n] [unconstitutional] statutory scheme." Id. Finally, they characterize subsection (f) as "the vestigial severability clause that California is trying to hang its hat on." Id.

In opposition, defendant argues that plaintiffs "have not shown that they are entitled to any injunction of subsection (b) of [S]ection 22949.80." Opp. at 7. They note that "this Court previously observed [that] [p]laintiffs did not challenge the constitutionality of the privacy regulations in subdivision (b) in either their [c]omplaint or their original preliminary injunction motion." Id. Plaintiffs allegedly also did not challenge subdivision (b)'s constitutionality in the Ninth Circuit appeal and "at no stage have [] established any of the elements necessary for injunctive relief as to subdivision (b)." Id. Rather, plaintiffs' arguments have allegedly "been limited to the advertising regulations in subdivision (a), which is presumptively severable from the rest of the statute." Id. (citing Cal. Bus. & Prof. Code § 22949.80(f)).

Defendant notes that the Ninth Circuit's opinion specifically required the Court to conduct further proceedings "consistent with" its opinion. Opp. at 7-8 (citing Dkt. 46). It argues that the Ninth Circuit's opinion "discusses and analyzes *only* the advertising regulations in subdivision (a)" and does not consider, much less rule on, the likely constitutionality of the privacy regulations in subdivision (b). Id. at 8. Although the opinion, "like the filings of this Court and the parties before it, generally refer at times to '[S]ection 22949.80' or 'AB 2571' . . . the parties and the courts have simply used those phrases as shorthand for the advertising regulation in subdivision (a)." Id. at 8. Defendant emphasizes that the Ninth Circuit, when describing the challenged regulation, quoted only subsection (a). Id. It further emphasizes that the Ninth Circuit "did *not* conclude that this Court should have adopted [p]laintiffs' previously-submitted proposed order." Id. at 9.

Defendant also argues that plaintiffs have never explained or proved that subdivision (b)'s privacy regulations "necessarily prevent [p]laintiffs from speaking as described in subdivision (a)." Opp. at 9. They question why it would be necessary to disclose a minor's information to third parties in order to publish firearm advertisements directed to minors, and why publications would need to use the personal information of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-cv-04663-CAS (JCx) | Date | June 18, 2024 |
|---|---|---|---|
| Title | JUNIOR SPORTS MAGAZINES INC. v. ROB BONTA | | |

minors instead of their parents. Id. at 9-10. Finally, they assert that "there is no need to enjoin subdivisions (c) through (f) of [S]ection 22949.80" because these subdivisions merely inform how subdivisions (a) and (b) are to be interpreted and enforced and "do not proscribe any speech or conduct." Id. at 10.

In reply, plaintiffs argue that defendant's claim is contradicted by the plain language of the Ninth Circuit's opinion, which reads, "[i]n sum, we hold that § 29949.80 is likely unconstitutional under the First Amendment." Reply at 5-6 (quoting Dkt. 46). They again emphasize that their complaint "challenges the *entirety* of section 22949.80." Id. at 6 (emphasis added). While this Court "observed that it was not clear whether [p]laintiffs had challenged anything but subsection (a), [] it ultimately acknowledged that [p]laintiffs' motion for preliminary injunction did seek to enjoin all subsections of the law." Id. Plaintiffs argue that they "never adopted '[S]ection 22949.80' as shorthand for anything – let alone [S]ection 22949.80(a)." Id. at 7.

There are two issues before the Court regarding the scope of plaintiff's request for a preliminary injunction: first, does the Ninth Circuit's mandate require the Court to enjoin subsection (a) *and* subsection (b) of Section 22949.80, and if not, second, does the Ninth Circuit's rationale suggest that subpart (b) is indistinguishable from subpart (a) such that both must be enjoined? The Court addresses each issue in turn.

The Court first finds that the Ninth Circuit's mandate requires it to enjoin the enforcement of subsection (a) but not subsection (b).

The rule of mandate provides that any "district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." Hall v. City of Los Angeles, 697 F.3d 1059, 1067 (9th Cir. 2012). However, the rule of mandate does not extend to issues not addressed or foreclosed by the appellate court. Although "lower courts are obliged to execute the terms of a mandate, they are free as to 'anything not foreclosed by the mandate.'" United States v. Kellington, 217 F.3d 1084, 1092-93 (9th Cir. 2000) (citing Herrington v. Cty. of Sonoma, 12 F.3d 901, 904 (9th Cir. 1993)). Therefore, when a court is "confronted with issues that the remanding court never considered, the mandate 'requires respect for what the higher court decided, not for what it did not decide.'" Hall, 697 F.3d at 1067 (quoting Kellington, 217 F.3d at 1093) (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-cv-04663-CAS (JCx) | Date | June 18, 2024 |
| Title | JUNIOR SPORTS MAGAZINES INC. v. ROB BONTA | | |

The Ninth Circuit has addressed the effect and scope of the rule of mandate following remand:

> When a case has once been decided by this court on appeal, and remanded to the [district] court, *whatever was before this court, and disposed of by its decree*, is considered as finally settled. The [district] court is bound by the decree as the law of the case, and must carry it into execution according to the mandate. That court cannot vary it, or examine it for any other purpose than execution; or give any other further relief, or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded.

United States v. Perez, 475 F.3d 1110, 1113 n.2 (9th Cir. 2007) (emphasis in original) (quoting Kellington, 217 F.3d at 1093); see also In re Sanford Fork & Tool Co., 160 U.S. 247, 255 (1895).

Thus, "[t]the ultimate task is to distinguish matters that have been decided on appeal, and are therefore beyond the jurisdiction of the lower court, from matters that have not." Perez, 475 F.3d at 1113. In doing so, we consider "the opinion the mandate purports to enforce as well as the procedural posture and substantive law from which it arises." Id.

Here, the Court finds that the Ninth Circuit's mandate and opinion did not address the constitutionality of Section 22949.80(b). In ruling on plaintiffs' initial motion for a preliminary injunction, this Court explicitly noted that Section 22949.80 "[also] contains two privacy-related provisions, Subsections 22949.80(b) and 22949.80(d)." Id. at 6 n.3. It noted that "[n]either of [these subsections] have been challenged by plaintiffs in their complaint or briefing . . . , although they are evidently encompassed by plaintiffs' request to 'enjoin the enforcement of [S]ection 22949.80.'" Id. The Court proceeded to assess plaintiffs' arguments regarding subsection (a) and ultimately denied plaintiffs' request for an injunction enjoining enforcement of the entire statute. It did not consider or analyze whether defendant should be preliminarily enjoined from enforcing subsection (b) of the statute specifically.

On appeal, the Ninth Circuit also analyzed the parties' arguments regarding subsection (a) and reversed. See Dkt. 46 at 7 (characterizing Section 22949.80 as "mandat[ing] that '[a] firearm industry member shall not advertise, market, or arrange for placement of an advertising or marketing communication offering or promoting any firearm-related product in a manner that is designed, intended, or reasonably appears to be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-cv-04663-CAS (JCx) | | Date | June 18, 2024 |
|---|---|---|---|---|
| Title | JUNIOR SPORTS MAGAZINES INC. v. ROB BONTA | | | |

attractive to minors.' Cal. Bus. & Prof. Code § 22949.80(a)(1)"). The Ninth Circuit's opinion does not mention, much less consider the constitutionality of, the privacy regulations in subsection (b). While the Ninth Circuit does ultimately write that "[Section] 22949.80 is likely unconstitutional under the First Amendment," it is amply clear that its opinion did not consider or analyze any aspect of subsection (b).

Second, the Court finds that subsection (b) appears to proscribe different conduct than subsection (a) such that it does not fall within the scope of the Ninth Circuit's rationale regarding the constitutionality of subsection (a).

Subsection (b) appears to regulate the use, disclosure, and compilation of minors' personal information. Its prohibition is specifically limited to the use, disclosure, and compilation of such information with knowledge that such conduct "is for the purpose of marketing or advertising to [the relevant] minor[s] any firearm-related product." Cal. Bus. & Prof. Code 22949.80(b). In other words, it seems that subsection (b) does not prevent a firearm industry member from maintaining the private information of minors and making that information available to members of other non-firearm industries e.g., toy manufacturers, food product producers, etc. Subsection (b) therefore appears to be a privacy regulation targeted specifically at efforts to market/advertise firearms to minors, rather than a general regulation regarding the privacy of minors. The likely constitutionality of such a regulation has not been fully briefed and was not addressed by the Ninth Circuit, which only addressed the constitutionality of a ban on firearm advertisements to minors as opposed to a ban on collecting/disseminating private information.

Accordingly, after analyzing the Ninth Circuit's mandate and its corresponding opinion for the sole "purpose [of] execution," the Court denies plaintiffs' request for an injunction enjoining enforcement of Section 22949.80(b) at this juncture.[1] See Perez, 475

---

[1] At the hearing, the Court questioned whether it would be appropriate to certify a question regarding the scope of the Ninth Circuit's prior opinion to the court of appeals. The parties were amenable to this proposal. Upon review, however, it appears that, as a procedural matter, the Court must issue an order regarding plaintiff's motion to enforce the Ninth Circuit's mandate which may then be immediately appealed. See 28 U.S.C. § 1292(a) (providing that "the courts of appeals shall have jurisdiction of appeals from [] interlocutory orders of the district courts of the United States . . . modifying [or] refusing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**　　　　　**'O'**

| Case No. | 2:22-cv-04663-CAS (JCx) | Date | June 18, 2024 |
|---|---|---|---|
| Title | JUNIOR SPORTS MAGAZINES INC. v. ROB BONTA | | |

F.3d at 1113 n.2 (holding that the district court "cannot vary [the mandate], or examine it for any [] purpose *[other] than execution*") (emphasis added).

**B.   Parties to be Enjoined**

In their proposed order, plaintiffs seek to enjoin the conduct of "[d]efendant, his employees, agents, successors in office, and all District Attorneys, County Counsel, and City Attorneys holding office in the state of California, as well as their successors in office." Dkt. 59-3 at 2.

Federal Rule of Civil Procedure 65(d)(2) provides that an injunction or restraining order "binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described" in paragraphs (A) or (B).

In its limited opposition, defendant argues that any preliminary injunction should be limited to "only those persons identified in Rule 65(d) – Defendant, his officers, agents, servants, employees, and attorneys, and other persons in active concert with them." Opp. at 10-11.

In reply, plaintiffs argue that "this Court may direct a preliminary injunction to not only the Attorney General" (i.e., the named defendant) "but also to those subordinate officers over whom he has direct supervising authority." Reply at 3. They contend that this list includes "all 58 District Attorneys who, along with the Attorney General, are expected to bring civil actions to enforce AB 2571." Id. They also claim that this Court "may enjoin . . . nonparty County Counsels and City Attorneys even though they are employed by and represent local political subdivisions and not the State itself." Id. Specifically, they claim that such nonparties are in "privity" with the named defendant, the Attorney General. Id. at 4. Plaintiffs assert that "[p]rivity can arise if the nonparty's 'interests are adequately represented by the named party . . . or if some other implied or in-fact representation or alignment of interests exist[s] between the parties." Id. (citing Saga Int'l, Inc. v. John D. Brush & Co., 984 F. Supp. 1283, 1287 (C.D. Cal. 1997)). Here, the interests of the nonparty County Counsels and City Attorneys are allegedly

_____

. . . injunctions"). Because the parties have adequately briefed this question, the Court proceeds to rule on the motion based on the present record.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:22-cv-04663-CAS (JCx) | Date | June 18, 2024 |
|----------|-------------------------|------|----------------|
| Title | JUNIOR SPORTS MAGAZINES INC. v. ROB BONTA | | |

"identical to the interests of the Attorney General" because "[t]hey are all authorized by the State to bring civil actions . . . under AB 2571 . . . and they all share the same interest in seeing the law enforced."[2]  Id. at 4.

    In their notice of supplemental authority, plaintiffs additionally argue that the Supreme Court's recent decision in National Rifle Association of America v. Vullo, No. 22-842, 2024 WL 2751216, at *11 (U.S. May 30, 2024), "supports [p]laintiffs' argument that the preliminary injunction in this matter must be enforceable against this state's District Attorneys, County Counsels, and City Attorneys – and not just the Attorney General."  Dkt. 64 at 2.  They point specifically to the Supreme Court's holding that "the First Amendment prohibits government officials from wielding their power selectively to punish or suppress speech, directly or (as alleged here) through private intermediaries."[3]  Vullo, No. 22-842 at *11.

    The Court finds that the preliminary injunction should be limited to the Attorney General, his officers, agents, servants, employees, and attorneys, and other persons in active concert with him.  The Court declines to expand the injunction to include non-party District Attorneys, County Counsels, and City Attorneys that are not employed by, and do not represent, the state itself, seeing as these parties did not have an opportunity to be heard in this action.  However, the Court grants plaintiffs' request for a mandatory injunction directing the Attorney General to issue an alert notifying District Attorneys, County Counsels, and City Counsels in California of this lawsuit and that enforcement of Section 22949.80(a) has been preliminarily enjoined.

**IV.    CONCLUSION**

    In accordance with the foregoing, the Court **GRANTS in part and DENIES in part** plaintiffs' motion for a preliminary injunction.  The Court **DENIES** plaintiffs'

---

[2] In the event the Court disagrees, plaintiffs "ask that the Court  . . . grant a mandatory injunction[] directing the Attorney General to issue an alert notifying District Attorneys, County Counsels, and City Attorneys in California of this lawsuit and that enforcement of AB 2571 has been preliminarily enjoined."  Reply at 4.

[3] The Supreme Court's decision in Vullo does not appear to address the question of whether non-party County Counsels and City Attorneys are in privity with the state Attorney General such that they may be bound by an injunction pursuant to Rule 65(d)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:22-cv-04663-CAS (JCx) | Date | June 18, 2024 |
|----------|--------------------------|------|----------------|
| Title | JUNIOR SPORTS MAGAZINES INC. v. ROB BONTA | | |

motion to enjoin enforcement of Section 22949.80 in its entirety and instead **GRANTS** a preliminary injunction enjoining the enforcement of only Section 22949.80(a). The injunction will bind defendant, his officers, agents, servants, employees, and attorneys, and other persons in active concert with them. The Attorney General is further directed to issue an alert notifying District Attorneys, County Counsels, and City Counsels in California of this lawsuit and that enforcement of Section 22949.80(a) has been preliminarily enjoined.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|--|----|---|----|
| Initials of Preparer | | CMJ | |

# EXHIBIT B

1
2
3
4
5
6
7
8         IN THE UNITED STATES DISTRICT COURT
9           CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| JUNIOR SPORTS MAGAZINES INC., RAYMOND BROWN, CALIFORNIA YOUTH SHOOTING SPORTS ASSOCIATION, INC., REDLANDS CALIFORNIA YOUTH CLAY SHOOTING SPORTS, INC., CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED, THE CRPA FOUNDATION, AND GUN OWNERS OF CALIFORNIA, INC.; and SECOND AMENDMENT FOUNDATION,<br><br>       Plaintiffs,<br><br>    v.<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California; and DOES 1-10,<br><br>       Defendant. | CASE NO: 2:22-cv-04663-CAS (JCx)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing Date:   August 22, 2022<br>Hearing Time:  10:00 a.m.<br>Courtroom:     8D<br>Judge:          Christina A. Snyder |

     The motion of Plaintiffs Junior Sports Magazines Inc., Raymond Brown,

California Youth Shooting Sports Association, Inc., Redlands California Youth

Clay Shooting Sports, Inc., California Rifle & Pistol Association, Incorporated, The

CRPA Foundation, Gun Owners of California, Inc., and Second Amendment

Foundation came on regularly for hearing on August 22, 2022. Anna M. Barvir

appeared on behalf of Plaintiffs. Kevin J. Kelly appeared on behalf of the Attorney General. On proof made to the satisfaction of the court, and good cause appearing:

IT IS ORDERED that during the pendency of this action, the named Defendant, his employees, agents, successors in office, and all District Attorneys, County Counsel, and City Attorneys holding office in the state of California, as well as their successors in office, are enjoined and restrained from engaging in, committing, or performing, directly or indirectly, by any means whatsoever, any enforcement of AB 2571, codified at Business & Professions Code section 22949.80;

The court reserves jurisdiction to modify this injunction as the ends of justice may require.

IT IS SO ORDERED.

Dated: _____          _____

Honorable Christina A. Snyder
United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2024, an electronic PDF of APPELLANTS'
RULE 8 MOTION FOR PRELIMINARY INJUNCTION PENDING APPEAL
was uploaded to the Court's CM/ECF system, which will automatically generate and
send by electronic mail a Notice of Docket Activity to all registered attorneys
participating in the case. Such notice constitutes service on those registered attorneys.

Dated: July 18, 2024                    Respectfully submitted,

                                        MICHEL & ASSOCIATES, P.C.

                                        s/ Anna M. Barvir
                                        Anna M. Barvir
                                        *Counsel for Plaintiffs-Appellants*