24-4050

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

**JUNIOR SPORTS MAGAZINE, INC., et al.,**

Plaintiffs and Appellants,

**v.**

**ROB BONTA, in his official capacity as Attorney General of the State of California,**

Defendant and Appellee.

On Appeal from the United States District Court
for the Central District of California

No. 2:22-cv-04663-CAS-JC
Hon. Christina A. Snyder, District Judge

**DEFENDANT-APPELLEE'S OPPOSITION TO
PLAINTIFFS-APPELLANTS' RULE 8 MOTION
FOR INJUNCTION PENDING APPEAL**

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
ANTHONY R. HAKL
Supervising Deputy Attorney General

GABRIELLE D. BOUTIN
Deputy Attorney General
State Bar No. 267308
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6053
 Fax: (916) 324-8835
 Email:  Gabrielle.Boutin@doj.ca.gov
*Attorneys for Defendant and Appellee*

# TABLE OF CONTENTS

**Page**

Introduction ................................................................................. 4

Background ................................................................................. 5

    I.    California Business and Professions Code Section
          22949.80 ............................................................................ 5

    II.   Initial District Court Proceedings ............................................. 6

    III.  Plaintiffs' Previous Appeal and This Court's Ruling .............. 8

    IV.  District Court Proceedings Following Remand ....................... 9

Legal Standards for Rule 8 Motions ............................................ 10

Argument .................................................................................. 11

    I.    Plaintiffs Have Failed to Make the Requisite Showing for
          Rule 8 Relief ...................................................................... 11

    II.   Plaintiffs Have Not Shown a Strong Likelihood of
          Success with Respect to Their Claim Regarding
          Section 22949.80, Subdivision (b) ......................................... 12

          A.   Plaintiffs Have Not Challenged the Privacy
                 Provisions in Subdivision (b) in Any Prior
                 Proceedings ................................................................. 13

          B.   This Court Did Not Rule on the Merits of
                 Plaintiffs' Challenge to Subdivision (b) in the Prior
                 Appeal ....................................................................... 14

    III.  The Remaining Equitable Factors Do Not Favor
          Enjoining Enforcement of Subdivision (b) Pending
          Appeal .............................................................................. 18

    IV.  The District Court's Preliminary Injunction Enjoined the
          Proper Persons .................................................................. 19

Conclusion ................................................................................ 21

i

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Cal. Redev. Ass'n v. Matosantos*
  53 Cal.4th 231 (2011) ................................................................ 16

*Feldman v. Ariz. Sec'y of State's Office*
  843 F.3d 366 (9th Cir. 2016) ..................................................... 10

*Junior Sports Mags., Inc. v. Bonta*
  80 F.4th 1109 (9th Cir. 2023), 2022 WL 17980278 ........................ *passim*

*Klein v. City of San Clemente*
  584 F.3d 1196 (9th Cir. 2009) ................................................... 18

*Melendres v. Maricopa Cnty.*
  897 F.3d 1217 (9th Cir. 2018) ............................................... 5, 20

*Regal Knitwear Co. v. NLRB*
  324 US 9 (1945) ....................................................................... 19

*Respect Maine PAC v. McKee*
  562 U.S. 996 (2010) .................................................................. 10

*S. Bay United Pentecostal Church v. Newsom*
  140 S. Ct. 1613 (2020) (Roberts, C.J., concurring) ................................ 10

*Sam Francis Found. v. Christies, Inc.*
  784 F.3d 1320 (9th Cir. 2015) ................................................... 16

*Santa Barbara Sch. Dist. v. Superior Court*
  13 Cal.3d 315 (1975) ................................................................ 16

*Se. Alaska Conservation Council v. U.S. Army Corps of Engineers*
  472 F.3d. 1097 (9th Cir. 2006) ....................................... 10, 12, 18

ii

# TABLE OF AUTHORITIES
## (continued)

**Page**

*United States v. Kellington*
217 F.3d 1084 (9th Cir. 2000) ................................................................ 17

*Vivid Ent., LLC v. Fielding*
774 F.3d 566 (9th Cir. 2014) ................................................................. 16

*Winter v. Nat'l Res. Def. Council, Inc.*
555 U.S. 7 (2008) ...................................................................................... 18

**STATUTES**

Cal. Bus. & Prof. Code
§ 22949.80 ...................................................................................... *passim*
§ 22949.80 subd. (a) ........................................................................ 7, 9, 20
§ 22949.80 subd. (a)(1) .................................................................... 5, 6, 16
§ 22949.80 subd. (b) ............................................................................. 5, 6
§ 22949.80 subd. (f) ........................................................................ 4, 6, 16

**CONSTITUTIONAL PROVISIONS**

First Amendment ................................................................................ 4, 12, 14

**COURT RULES**

Fed. R. App. P.
8 .................................................................................................... *passim*
8(a)(1)(C) ............................................................................................... 10
8(a)(2)(A) ...................................................................................... 4, 11, 12
65 ...................................................................................................... 5, 20
65(d)(2) .................................................................................... 9, 19, 20, 21
65(d)(2)(A) ............................................................................................. 19

## INTRODUCTION

California Business and Professions Code section 22949.80 consists of two provisions that regulate speech or conduct: subdivision (a), which concerns advertising firearm-related products to minors, and subdivision (b), which protects minors' privacy by limiting the use and dissemination of their personal information. Each of these is presumptively severable from the rest of the statute. Cal. Bus. Prof. Code § 22949.80(f).

Neither this Court nor the district court has ever considered, much less ruled upon, the constitutionality of subdivision (b), which Plaintiffs seek to enjoin through this Rule 8 motion. The district court was therefore correct to limit its preliminary injunction following remand to subdivision (a) only.

Plaintiffs' Rule 8 motion for an injunction pending appeal should be denied. First, Plaintiffs have failed to comply with the procedural requirements of Rule 8. They have neither stated that they moved the district court for an injunction pending appeal, nor have they shown that such a motion would have been impracticable. *See* Fed. R. App. P. 8(a)(2)(A). This alone is grounds to deny the motion. Second, Plaintiffs have not shown a strong likelihood of success on their claim that subdivision (b) violates the First Amendment. Prior to this motion, Plaintiffs have never attempted any such showing. And, this Court's decision in the prior appeal did not decide the constitutionality of subdivision (b). Third,

4

Plaintiffs have not shown that the other equitable favors favor an injunction pending appeal. Finally, Plaintiffs have not shown they are entitled to an injunction pending appeal encompassing District Attorneys, County Counsel, and City Attorneys. "[A] district court has broad discretion to fashion injunctive relief," *Melendres v. Maricopa Cnty.*, 897 F.3d 1217, 1221 (9th Cir. 2018), and the district court here named the proper persons to be bound under Rule 65 of the Federal Rules of Civil Procedure.

## BACKGROUND

### I.   CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 22949.80

Section 22949.80 contains two separate subdivisions that regulate speech or conduct. Subdivision (a) is the subdivision Plaintiffs challenge in this action. *See* Background, section II, *infra*. It states: "A firearm industry member shall not advertise, market, or arrange for placement of an advertising or marketing communication offering or promoting any firearm-related product in a manner that is designed, intended, or reasonably appears to be attractive to minors." Cal. Bus. & Prof. Code § 22949.80(a)(1).

Subdivision (b) of section 22949.80, meanwhile, does not purport to regulate any advertising or similar types of communications. *Id.* § 22949.80(b). Rather, it limits the use and dissemination of the personal information of minors. *Id.* Subdivision (b) states:

5

> A firearm industry member publishing material directed to minors in this state or who has actual knowledge that a minor in this state is using or receiving its material, shall not knowingly use, disclose, compile, or allow a third party to use, disclose, or compile, the personal information of that minor with actual knowledge that the use, disclosure, or compilation is for the purpose of marketing or advertising to that minor any firearm-related product.

*Id.*

Section 22949.80 also includes an express severability provision. *Id.* § 22949.80(f). That provision states:

> The provisions of this section are severable. If any portion, subdivision, paragraph, clause, sentence, phrase, word, or application of this section is for any reason held to be invalid by any court of competent jurisdiction, that decision shall not affect the validity of the remaining portions of this chapter. The Legislature hereby declares that it would have adopted this section and each and every portion, subdivision, paragraph, clause, sentence, phrase, word, and application not declared invalid or unconstitutional without regard to whether any other portion of this section or application thereof would be subsequently declared invalid.

*Id.*

## II. INITIAL DISTRICT COURT PROCEEDINGS

Plaintiffs filed the operative Complaint on July 8, 2022. Dist. Ct. Dkt. 1. The Complaint purports to "challenge the constitutionality of California Business & Professions Code section 22949.80, which makes it unlawful for any 'firearm industry member' to 'advertise, market, or arrange for placement of an advertising or marketing communication concerning any firearm-related product in a manner that is designed, intended, or reasonably appears to be attractive to minors.'" *Id.* at 2-3 (quoting Cal. Bus. & Prof. Code § 22949.80(a)(1)). The Complaint regularly

6

cites subdivision (a) of section 22949.80 (*id.* at 3, 14, 15, 16) and alleges injuries and causes of action arising out of the advertising regulations in that provision (*see, e.g., id.* at 30-36). The Complaint does not mention or cite to subdivision (b) of the statute at any point. It also does not mention subdivision (b)'s privacy regulations, or even allude to them.

Plaintiffs subsequently filed a motion for preliminary injunction. Dist. Ct. Dkt. 12. In the motion, Plaintiffs sought to "enjoin enforcement of section 22949.80." Dist. Ct. Dkt. 12-1 at 30. The motion also used the term "AB 2571," the statute's enacting legislation. *See* Dist. Ct. Dkt. 12-1. However, consistent with the Complaint, all of Plaintiffs' arguments in the motion were limited to the statute's advertising regulations in subdivision (a). *See id.*; Dist. Ct. Dkt. 21 (Reply brief). Plaintiffs' motion did not once mention subdivision (b) or its privacy regulations. Dist. Ct. Dkts. 12-1, 21.

The district court issued an order denying the motion for preliminary injunction. Dist. Ct. Dkt. 35 at 51. The order considered whether the requirements of subdivision (a) are constitutional and otherwise subject to a preliminary injunction. Dist. Ct. Dkt. 35. The order specifically concluded that subdivision (b) of section 22949.80 had *not* been "challenged by plaintiffs in their complaint or briefing on this motion, although [it is] evidently encompassed by plaintiffs' request to "enjoin the enforcement of section 22949.80." *Id.* at 6, n.3. The order

7

therefore did not otherwise mention or discuss subdivision (b) or its privacy regulations.  *See* Dist. Ct. Dkt. 35.

## III.  PLAINTIFFS' PREVIOUS APPEAL AND THIS COURT'S RULING

Plaintiffs appealed to this Court the district court's order denying their motion for preliminary injunction.  Dist. Ct. Dkt. 37.  Plaintiffs' arguments in the appeal again concerned only the advertising restrictions in subdivision (a).  *See* Appellants' Opening Br., Dkt. 7, *Junior Sports Mags., Inc. v. Bonta*, 80 F.4th 1109 (9th Cir. 2023) (No. 22-56090), 2022 WL 17980278; Appellants' Reply Br., Dkt. 25, *Junior Sports*, 80 F.4th 1109, 2023 WL 2226847.  Plaintiffs made no mention of subdivision (b) or its privacy regulations.  Moreover, Plaintiffs did not dispute the district court's conclusion that they had not challenged the constitutionality of subdivision (b) in either their complaint or motion for preliminary injunction.

This Court reversed the district court's order and remanded "for further proceedings consistent with [the] opinion."  *Junior Sports*, 80 F.4th at 1121.  In the decision, the Court considered only whether the requirements of subdivision (a) are constitutional and otherwise subject to a preliminary injunction.  *See* 80 F.4th at 1109.  The Court did not mention, allude to, or consider the constitutionality of subdivision (b)'s privacy regulations or whether that subdivision is subject to a preliminary injunction.  *See id*.  The Court also took no issue with the district

8

court's determination that Plaintiffs had not challenged subdivision (b) in their Complaint or motion. *See id.*

## IV. DISTRICT COURT PROCEEDINGS FOLLOWING REMAND

Following remand, Plaintiffs filed in the district court a Motion to Enforce Mandate and Issue Preliminary Injunction. Dist. Ct. Dkt. 59. Plaintiffs offered no new substantive evidence or arguments as to why subdivision (b) should be preliminarily enjoined. Dist. Ct. Dkt. 59-1. Defendant filed a limited opposition, asking the court to limit the preliminary injunction to subdivision (a) of section 22949.80 and apply it only to the Attorney General and non-parties properly subject to an injunction under Federal Rule of Civil Procedure 65(d)(2). Dist. Ct. Dkt. 62.

The district court issued an order partially granting and partially denying Plaintiffs' motion. Dist. Ct. Dkt. 69. The order granted the preliminary injunction as to section 22949.80(a) only and otherwise limited the preliminary injunction in the manner requested by Defendant. *Id.* The court reasoned, in part:

> The Ninth Circuit's opinion does not mention, much less consider, the constitutionality of the privacy regulations in subsection (b). While the Ninth Circuit does ultimately write that, "[Section] 22949.80 is likely unconstitutional under the First Amendment," it is amply clear that its opinion did not consider or analyze any aspect of subsection (b).

*Id.* at 10. This district court order is the subject of Plaintiffs' current appeal.

## LEGAL STANDARDS FOR RULE 8 MOTIONS

Rule 8 of the Federal Rules of Appellate Procedure permits a party to seek in the Court of Appeals an order "suspending, modifying, restoring, or granting an injunction while an appeal is pending." Fed. R. App. P. 8(a)(1)(C). In seeking an injunction pending appeal, Plaintiffs bear a heavy burden to show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to the plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest. *Se. Alaska Conservation Council v. U.S. Army Corps of Engineers*, 472 F.3d. 1097, 1100 (9th Cir. 2006); *Feldman v. Ariz. Sec'y of State's Office*, 843 F.3d 366, 367 (9th Cir. 2016).

However, the Supreme Court has also stated that a motion for an order *granting* an injunction pending appeal "demands a significantly higher justification than a stay request because, unlike a stay, an injunction does not simply suspend judicial alteration of the status quo but grants judicial intervention that has been withheld by lower courts." *Respect Maine PAC v. McKee*, 562 U.S. 996, 996 (2010) (internal quotation marks omitted); *see also S. Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613, 1613 (2020) (Roberts, C.J., concurring) (injunctions pending appeal are granted "where the legal rights at issue are indisputably clear and, even then, sparingly and only in the most critical and exigent circumstances" (internal quotation marks omitted)).

## ARGUMENT

### I. PLAINTIFFS HAVE FAILED TO MAKE THE REQUISITE SHOWING FOR RULE 8 RELIEF

As a threshold matter, Plaintiffs' motion should be denied because they have failed to make the requisite showing for Rule 8 relief. Under Rule 8, a party seeking an injunction pending appeal "must" either state that the party previously moved in the district court for an injunction pending appeal or "show that moving first in the district court would be impracticable." Fed. R. App. Proc., rule 8(a)(2)(A).

Plaintiffs' motion satisfies neither of these alternative requirements. Plaintiffs did not state that they first moved the district court for an injunction pending appeal. They cannot state this because they made no such motion. *See* Dist. Ct. Dkt. And, Plaintiffs have failed to show that doing so would have been impracticable.

"Impracticable" means "incapable of being performed or accomplished by the means employed or at command." *Impracticable*, Merriam-Webster, https://www.merriam-webster.com/dictionary/impracticable (last visited July 26, 2024). Plaintiffs did not show that a motion for injunction pending appeal would have been impracticable for any reason. Instead, they merely point to the facts that the district court originally denied their motion for preliminary injunction and that, following remand, the preliminary injunction granted by the court was narrower in

11

scope than they requested. While these facts may suggest that it was unlikely that the district court would grant a motion for injunction pending appeal, that does not mean that making the motion would have been impracticable. If impracticability were so defined, it would apply to virtually any plaintiff whose motion for preliminary injunction had been denied. This would nullify Rule 8's general requirement that parties whose preliminary injunction motions were denied file a motion for injunction pending appeal first with the district court.

Plaintiffs' motion should be denied on the grounds that they failed to make the showing required by Rule 8(a)(2)(A).

## II. PLAINTIFFS HAVE NOT SHOWN A STRONG LIKELIHOOD OF SUCCESS WITH RESPECT TO THEIR CLAIM REGARDING SECTION 22949.80, SUBDIVISION (b)

Plaintiffs' motion should also be denied because they have not met their burden to show a strong likelihood of success on their claim that subdivision (b) violates the First Amendment. *Se. Alaska Conservation Council*, 472 F.3d. at 1100. As explained further below, this is because (1) Plaintiffs have not challenged the privacy provisions in subdivision (b) in any prior proceedings, and (2) this Court did not consider the constitutionality of subdivision (b) in its prior decision, much less direct that a preliminary injunction issue as to the provision.

### A.    Plaintiffs Have Not Challenged the Privacy Provisions in Subdivision (b) in Any Prior Proceedings

Plaintiffs have not shown a strong likelihood of success on the merits because they have never challenged the constitutionality of subdivision (b) in any prior proceedings.

Plaintiffs did not submit any arguments or evidence related to the constitutionality of subdivision (b), specifically, in their original motion for preliminary injunction.  *See* Dist. Ct. Dkt. 12-1.  They did not do so in their previous appeal before this Court.  *See* Appellants' Opening Br., Dkt. 7, *Junior Sports Mags., Inc. v. Bonta*, 80 F.4th 1109 (9th Cir. 2023) (No. 22-56090), 2022 WL 17980278; Appellants' Reply Br., Dkt. 25, *Junior Sports*, 80 F.4th 1109, 2023 WL 2226847.  And, they did not do so more recently in their Motion to Enforce Mandate and Issue Preliminary Injunction in the district court.  Dist. Ct. Dkt. 59-1. Instead, Plaintiffs improperly attempt to use this Rule 8 motion as a vehicle to submit their substantive arguments related to subdivision (b) for the first time.[1] *See* Mot., Dkt. 5.1, at 10-14.  Consequently, Defendant has never had the occasion to brief the issue and the district court has never had occasion to consider and rule on it.

---

[1] Because these new arguments have not been made in, nor evaluated by, the district court (or any court for that matter), Defendant declines to address them here.  However, Defendant reserves the right to respond to these arguments as necessary in future proceedings.

To obtain injunctive relief related to subdivision (b), Plaintiffs should submit their substantive arguments as to subdivision (b) to the district court in the first instance, whether in a new motion for preliminary injunction or motion for summary judgment. This would allow both sides to fully brief the issue and allow the district court to make an initial determination. Since that has not yet occurred, this Court should not consider the constitutionality of subdivision (b) for the first time in this appeal. Nor should the Court consider the issue for the first time in these abbreviated proceedings on Plaintiffs' Rule 8 motion.

**B.    This Court Did Not Rule on the Merits of Plaintiffs' Challenge to Subdivision (b) in the Prior Appeal**

Plaintiffs argue that this Court ruled in its previous decision that Plaintiffs met their burden to show a strong likelihood of success with respect to their First Amendment challenge to subdivision (b). Mot. at 6. This contention is not borne out by the Court's decision itself, or the proceedings and filings leading up to it. The decision did not order the district court to enter an injunction with any specified terms. Rather, it reversed the district court's order denying a preliminary injunction and remanded "for further proceedings consistent with [the] opinion."

*Junior Sports*, 80 F.4th at 1121.[2]  In that opinion, this Court considered and ruled *only* as to whether the advertising requirements of subdivision (a) are constitutional and otherwise subject to a preliminary injunction.  *See Junior Sports*, 80 F.4th 1109.  The decision does not analyze or rule on whether the privacy regulations in subdivision (b) are likely unconstitutional or otherwise subject to a preliminary injunction.  And, appropriately so: that issue had not been briefed by the parties nor considered or ruled upon by the district court.  Dist. Ct. Dkts. 12-1, 19, 21, 35 at 6 n.3.

It is true that this Court's prior decision, like the filings of the district court and the parties, generally referred to the provision at issue in this case as "section 22949.80."  But throughout this litigation the parties and the courts have simply used that phrase as shorthand for the advertising regulations in subdivision (a).  *See, e.g., Junior Sports Mags.*, 80 F.4th at 1113.  Indeed, the Ninth Circuit described the challenged regulation as follows:

> AB 2571, as later amended by AB 160, is codified at § 22949.80 of the California Business and Professions Code. The statute mandates that '[a] firearm industry member shall not advertise, market, or arrange for placement of an advertising or marketing communication offering or promoting any firearm-related product in a manner that is

---

[2] The Court's mandate in the prior appeal merely stated, "The judgment of this Court, entered September 13, 2023, takes effect this date.  This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure."  Mandate, Dkt. 53, *Junior Sports Mags., Inc. v. Bonta*, 80 F.4th 1109 (9th Cir. 2023) (No. 22-56090).

designed, intended, or reasonably appears to be attractive to minors.'
*Cal. Bus. & Prof. Code § 22949.80(a)(1).*

*Id.* at 1114 (emphasis added); *see also id.* at 1113 ("this case is about whether California can ban a truthful ad about firearms used legally by adults and minors— just because the ad "reasonably appears to be attractive to minors").  The decision never discusses the constitutionality of any other subdivision of section 22949.80 or discusses how any other subdivision potentially interacts with subdivision (a).  No phrase or label used for rhetorical convenience can change the substance of the Court's legal discussion and analysis.

Because this Court did not assess or rule upon the constitutionality of the privacy provisions in subdivision (b), and because the statute's subdivisions are presumptively severable (*see* Cal. Bus. & Prof. Code § 22949.80(f)[3]), the district court's limitation of the preliminary injunction to subdivision (a) was appropriate and "consistent with" this Court's opinion.  *Junior Sports*, 80 F.4th at 1121;

---

[3] *See also Sam Francis Found. v. Christies, Inc.*, 784 F.3d 1320, 1325 (9th Cir. 2015) ("Severability is . . . a matter of state law" (ellipsis in original)); *Vivid Ent., LLC v. Fielding*, 774 F.3d 566, 574 (9th Cir. 2014) ("California law directs courts to consider first the inclusion of a severability clause in the legislation . . . 'The presence of such a clause establishes a presumption in favor of severance'" (quoting *Cal. Redev. Ass'n v. Matosantos*, 53 Cal.4th 231, 270 (2011)).  Although this is a rebuttable presumption, Plaintiffs have never attempted to meet their burden to rebut the presumption.  *See Santa Barbara Sch. Dist. v. Superior Court*, 13 Cal.3d 315, 331 (1975) ("Although not conclusive, a severability clause normally calls for sustaining the valid part of the enactment").

*see also United States v. Kellington*, 217 F.3d 1084, 1093 (9th Cir. 2000) ("In addition to the mandate itself, the opinion by [the Ninth Circuit] at the time of rendering its decree may be consulted to ascertain what was intended by its mandate" (internal quotation marks omitted)).

Despite the reality that neither this Court's decision nor the briefs in the prior appeal discussed subdivision (b), Plaintiffs appear to suggest that the constitutionality of that provision was determined by this Court merely because Plaintiffs' proposed order to the district court referenced subdivision 22949.80 as a whole. Mot. at 8. However, the district court denied the motion for preliminary injunction, rejected the proposed order Plaintiffs' apparently rely on now, and expressly found that Plaintiffs had not challenged subdivision (b)'s constitutionality. Dist. Ct. Dkt. 35 at 6 n.3, 51. Later, this Court simply determined that the advertising regulations in subdivision (a) were properly subject to a preliminary injunction and that the district court should conduct proceedings consistent with that determination. This Court's decision hardly stated that the

Plaintiffs' previously-submitted proposed order should be adopted. *See Junior Sports*, 80 F.4th 1109.[4]

## III. THE REMAINING EQUITABLE FACTORS DO NOT FAVOR ENJOINING ENFORCEMENT OF SUBDIVISION (b) PENDING APPEAL

Plaintiffs have also failed to establish the remaining requirements for an injunction of subdivision (b) pending appeal. As discussed above, Plaintiffs have never submitted arguments or evidence related to the constitutionality of subdivision (b), specifically, prior to this Rule 8 motion. They have therefore not provided the district court the opportunity to consider (or Defendant the opportunity to brief) in the first instance whether failure to enjoin subdivision (b) may cause irreparable injury or hardship to Plaintiffs, or is in the public interest. *See Se. Alaska Conservation Council*, 472 F.3d. at 1100. The equities and the public interest do not favor this circumvention of the proper procedures for relief Plaintiffs now seek.

This attempted circumvention also belies Plaintiffs' claim of hardship if they do not obtain an injunction pending appeal. As Plaintiffs concede, Defendant

---

[4] Plaintiffs also complain that Defendant should have argued in earlier proceedings that Plaintiffs had failed to show that subdivision (b) is likely unconstitutional. Mot. at 8-9. However, it has always been *Plaintiffs'* burden to established a likelihood of success on the merits as to subdivision (b), not Defendant's burden to point out Plaintiffs' failure to do so. *See Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009) (the plaintiff bears the burden of "establishing the elements necessary to obtain injunctive relief").

clarified his position to Plaintiffs regarding subdivision (b) in early April, 2024.

Mot. at 20 (Barvir Dec.). Plaintiffs could have then filed a new motion for

preliminary injunction or a motion for summary judgment in the district court

setting forth their substantive arguments related to the constitutionality of

subdivision (b). They did not do so. Instead of pursuing that direct route,

Plaintiffs instead chose to file a motion to enforce this Court's mandate, and then

appeal the resulting order. This is a longer and more circuitous route to relief than

simply filing a new motion in the district court to enjoin subdivision (b).

## IV. THE DISTRICT COURT'S PRELIMINARY INJUNCTION ENJOINED THE PROPER PERSONS

This Court should also deny Plaintiffs' request that an injunction pending

appeal expressly bind non-party District Attorneys, County Counsels, and City

Attorneys of California. *See* Mot. at 16.

Rule 65(d)(2) of the Federal Rules of Civil Procedure provides that a

preliminary injunction may "only" bind "(A) the parties; (B) the parties' officers,

agents, servants, employees, and attorneys; and (C) other persons who are in active

concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." *See*

*also Regal Knitwear Co. v. NLRB*, 324 US 9, 13, 65 (1945) (courts may not grant

injunction "so broad as to make punishable the conduct of persons who act

independently and whose rights have not been adjudged according to law").

Contrary to Plaintiffs representation, the district court's injunction does *not* apply to the Attorney General only.  In accordance with Rule 65(d)(2), the district court order already explicitly states that "[t]he injunction "will bind defendant, his officers, agents, servants, employees, and attorneys, and other persons in active concert with them."  Dist. Ct. Dkt. 69 at 13.

An injunction pending appeal that expressly adds the State's District Attorneys, County Counsel, and City Attorneys is unwarranted here.  "[A] district court has broad discretion to fashion injunctive relief."  *Melendres v. Maricopa Cnty.*, 897 F.3d 1217, 1221 (9th Cir. 2018).  The district court's choice to use the language of rule 65(d)(2) for the injunction rather than identify the State's District Attorneys, County Counsels, and City Attorneys was within that discretion.

Plaintiffs do not assert that any government official has threatened to enforce section 22949.80(a) against them.  And, even if a local government attorney were to consider enforcing the statute, the most basic legal research would alert them of this Court's ruling in the prior appeal and the existing preliminary injunctions

against the Attorney General and those described in Rule 65(d)(2).[5]  Moreover,

Defendants have cited no authorities that *required* the district court to make factual

determinations regarding which specific non-parties may or may not fall into the

categories enumerated in rule 65(d)(2) and include them in the preliminary

injunction.

## CONCLUSION

For the reasons above, the Court should deny Plaintiffs' motion for an

injunction pending appeal.

---

[5] In addition to the district court's preliminary injunction in this case, another district court has issued a preliminary injunction in the case of *Safari Club v. Bonta*, No. 2:22- cv-01395-DAD-JDP (E.D. Cal. filed  Aug. 5, 2022).  That preliminary injunction in states, in relevant part, "the court ORDERS that pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendant California Attorney General Rob Bonta and the California Department of Justice, their officers, agents, servants, employees, and anyone else in active concert or participation with any of the aforementioned people or entities, are hereby preliminarily enjoined from enforcing California Business & Professions Code § 22949.80."  Order Granting Plaintiffs' Motion for a Preliminary Injunction at 2, *Safari Club v. Bonta*, No. 2:22-cv-01395-DAD-JDP (E.D. Cal. April 12, 2024).  Defendant has filed a motion in *Safari Club* asking the court to clarify that it intended to enjoin only subdivision (a) of section 22949.80, but the court has not yet ruled on that motion.  Motion for an Order Clarifying the Preliminary Injunction, *Safari Club v. Bonta*, No. 2:22- cv-01395-DAD-JDP (E.D. Cal. May 15, 2024).

Dated:  July 26, 2024       Respectfully submitted,

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
ANTHONY R. HAKL
Supervising Deputy Attorney General


*s/ Gabrielle D. Boutin*
GABRIELLE D. BOUTIN
Deputy Attorney General
*Attorneys for Defendant and Appellee*

# CERTIFICATE OF SERVICE

Case Name:   **Junior Sports Magazine, Inc., et**          No.     **24-4050**
             **al. v. Rob Bonta**

I hereby certify that on July 26, 2024, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT-APPELLEE'S OPPOSITION TO PLAINTIFFS-APPELLANTS' RULE 8 MOTION FOR INJUNCTION PENDING APPEAL**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on July 26, 2024, at Los Angeles, California.

|  | |
|---|---|
| Dora Mora | *Dora Mora* |
| Declarant | Signature |

SA2024900321