24-4050

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

**JUNIOR SPORTS MAGAZINE, INC., et al.,**

Plaintiffs and Appellants,

**v.**

**ROB BONTA,**

Defendant and Appellee.

---

On Appeal from the United States District Court
for the Central District of California

No. 2:22-cv-04663-CAS-JCx
Hon. Christina A. Snyder, Judge

**DEFENDANT-APPELLEE'S ANSWERING BRIEF**


Rob Bonta
Attorney General of California
Thomas S. Patterson
Senior Assistant Attorney General
Anthony R. Hakl
Supervising Deputy Attorney General

Gabrielle D. Boutin
Deputy Attorney General
State Bar No. 267308
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6053
 Fax: (916) 324-8835
 Email: Gabrielle.Boutin@doj.ca.gov
*Attorneys for Defendant-Appellee*
*Rob Bonta, in His Official Capacity as*
*Attorney General of the State of*
*California*

# TABLE OF CONTENTS

**Page**

Introduction ........................................................................... 1

Jurisdictional Statement ...................................................... 3

Statement of Issues ............................................................. 3

Circuit Rule 28.2.7 Statement ............................................ 3

Statement of the Case ......................................................... 4

I.     California Business and Professions Code Section 22949.80 .. 4

II.    Procedural Background ........................................... 5

    A.    The Initial District Court Proceedings ........................... 5

    B.    Plaintiffs' Prior Preliminary Injunction Appeal and This Court's Ruling ................................................................ 7

    C.    The District Court Proceedings Following Remand ...... 8

III.    The District Court Order Now on Appeal ................................. 9

Standard of Review ............................................................ 11

Summary of the Argument ................................................ 12

Argument ........................................................................... 16

I.     The District Court Acted Within Its Discretion When It Denied a Preliminary Injunction Enjoining Enforcement of Subdivision (b) ........................................................ 16

    A.    Plaintiffs Did Not Meet Their Burden to Show That Subdivision (b) Should Be Preliminarily Enjoined ...... 16

    B.    This Court's Mandate in the Prior Appeal Did Not Require the District Court to Preliminarily Enjoin Enforcement of Subdivision (b) .................................... 19

    C.    The District Court Did Not Abuse Its Discretion Under the Doctrines of Waiver and Abandonment, Law of the Case, or Vertical Precedent ........................................... 23

    D.    Plaintiffs Have Not Established That Subdivision (b) Is Unconstitutional "In Isolation" ..................................... 25

i

## TABLE OF CONTENTS
### (continued)

**Page**

II.   The District Court Acted Within Its Discretion When It
      Applied the Preliminary Injunction to Persons Enumerated In
      Rule 65(d)(2) of the Federal Rules of Civil Procedure........... 31

Conclusion ................................................................... 34

Statement of Related Cases............................................. 35

# TABLE OF AUTHORITIES

**Page**

CASES

*AGK Sierra De Montserrat, L.P. v. Comerica Bank*
No. 23-15290, 2024 WL 3464426 (9th Cir. July 19, 2024) ................... 25

*Alaska Airlines, Inc. v. Brock*
480 U.S. 678 (1987) .............................................................................. 21

*All. for the Wild Rockies v. Cottrell*
632 F.3d 1127 (9th Cir. 2011) .............................................................. 12

*AlohaCare v. Hawaii, Dep't of Hum. Servs.*
572 F.3d 740 (9th Cir. 2009) ................................................................ 26

*Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*
447 U.S. 557 (1980) .............................................................................. 29

*E. Bay Sanctuary Covenant v. Barr*
934 F.3d 1026 (9th Cir. 2019) .............................................................. 16

*Hall v. City of Los Angeles*
697 F.3d 1059 (9th Cir. 2012) .............................................................. 20

*HomeAway.com v. City of Santa Monica*
918 F.3d 676 (9th Cir. 2019) ................................................................ 28

*In re Am. W. Airlines, Inc.*
217 F.3d 1161 (9th Cir. 2000) ........................................................ 25, 26

*Jeffries v. Wood*
114 F.3d 1484 (9th Cir. 1997) .............................................................. 25

*Junior Sports Mags., Inc. v. Bonta*
80 F.4th 1109 (9th Cir. 2023) ....................................................... *passim*

*Klein v. City of San Clemente*
584 F.3d 1196 (9th Cir. 2009) .............................................................. 16

iii

# TABLE OF AUTHORITIES
## (continued)

Page

*Melendres v. Maricopa Cnty.*
897 F.3d 1217 (9th Cir. 2018) .................................................. 32

*Moody v. NetChoice, LLC*
144 S. Ct. 2383 (2024) .......................................... 15, 27, 30, 31

*NAACP v. Ala., ex rel. Patterson*
357 U.S. 449 (1958) .................................................................. 30

*Regal Knitwear Co. v. NLRB*
324 U.S. 9 (1945) ...................................................................... 31

*Safari Club v. Bonta*
No. 2:22- cv-01395-DAD-JDP (E.D. Cal. filed Aug. 5,
2022) ......................................................................................... 33

*Sam Francis Found. v. Christies, Inc.*
784 F.3d 1320 (9th Cir. 2015) .................................................. 18

*Santa Barbara Sch. Dist. v. Superior Court*
13 Cal.3d 315 (1975) ................................................................ 18

*Sorrell v. IMS Health Inc.*
564 U.S. 552 (2011) .................................................................. 28

*United States v. Killington*
217 F.3d 1084 (9th Cir. 2000) .................................................. 20

*United States v. Perez*
475 F.3d 1110 (9th Cir. 2007) .................................................. 20

*United States v. Stevens*
559 U.S. 460 (2010) .................................................................. 12

*Vivid Ent., LLC v. Fielding*
774 F.3d 566 (9th Cir. 2014) .................................................... 18

iv

## TABLE OF AUTHORITIES
### (continued)

Page

*Winter v. Nat. Res. Defense Council, Inc.*
555 U.S. 7 (2008) ........................................................... 11, 12, 13, 17, 19

**STATUTES**

28 United States Code
§ 1292(a)(1) ................................................................................. 3
§ 1331 ........................................................................................... 3

California Business & Professions Code
§ 22949.80 ........................................................................... *passim*
§ 22949.80(a) ...................................................................... *passim*
§ 22949.80(a)(1) ............................................................................ 4
§ 22949.80(b) ...................................................................... *passim*
§ 22949.80(d) ................................................................................ 7
§ 22949.80(f) ....................................................................... 1, 5, 18, 21

**CONSTITUTIONAL PROVISIONS**

First Amendment .................................................................. *passim*

**COURT RULES**

Federal Rules of Appellate Procedure
Rule 4(a)(1)(B)(i) ......................................................................... 3
Rule 41(a) .................................................................................. 20

Federal Rules of Civil Procedure
Rule 65 .......................................................................................... 2
Rule 65(d)(2) ....................................................................... *passim*

v

# INTRODUCTION

California Business and Professions Code section 22949.80 consists of two provisions that regulate activity: subdivision (a), which regulates advertising firearm-related products to minors, and subdivision (b), which protects minors' privacy by limiting the use and dissemination of their personal information. Each of these is presumptively severable from the rest of the statute. Cal. Bus. Prof. Code § 22949.80(f). The district court has preliminarily enjoined enforcement of subdivision (a). Plaintiffs argue in this appeal that the district court should have also preliminarily enjoined enforcement of subdivision (b).

In the prior appeal in this action, this Court determined that the advertising regulations in subdivision (a) of section 22949.80 likely violate the First Amendment. *Junior Sports Mags., Inc. v. Bonta*, 80 F.4th 1109 (9th Cir. 2023). However, neither this Court nor the district court below has addressed, much less ruled upon, the constitutionality of subdivision (b). This is because Plaintiffs, who have the burden to show they are entitled to any preliminary injunction, never submitted any argument or evidence related to subdivision (b). Indeed, that provision is not even mentioned in Plaintiffs' Complaint or in any of their briefs supporting their prior motion for preliminary injunction or prior appeal. Although this Court, the district

1

court, and the parties have previously referred to "section 22949.80" in their filings, context makes clear that these references were merely shorthand references to the advertising regulations in subdivision (a) made for rhetorical convenience. The district court was therefore correct to limit its preliminary injunction following remand to subdivision (a) only.

Plaintiffs also argue in this appeal that the district court's preliminary injunction enjoining enforcement of subdivision (a) should have bound the State's "District Attorneys, County Counsels, and City Attorneys." AOB 32. However, the district court acted well within its broad discretion by instead directing the preliminary injunction to Defendant and "his officers, agents, servants, employees, and attorneys, and other persons in active concert with them." 1-ER-14. These are the categories of persons the district court was authorized to bind pursuant to Rule 65 of the Federal Rules of Civil Procedure. Plaintiffs have not shown that the district court abused its discretion by not expressly binding the other categories of non-parties to the preliminary injunction.

Defendant therefore respectfully asks the Court to affirm the district court's Order denying Plaintiffs' request to enjoin enforcement of subdivision (b) and their request to enjoin the State's District Attorneys, County Counsel, and City Attorneys.

2

## JURISDICTIONAL STATEMENT

The district court had subject matter jurisdiction under 28 U.S.C. § 1331. The district court entered an order partially granting and partially denying Plaintiffs' Motion to Enforce Mandate and Issue Preliminary Injunction. 1-ER-2. This Court has jurisdiction of the appeal from that order under 28 U.S.C. § 1292(a)(1). The order was entered on June 18, 2024. 1-ER-2. Plaintiffs timely filed their notice of appeal on June 28, 2024. 2-ER-17; *see* Fed. R. App. P. 4(a)(1)(B)(i).

## STATEMENT OF ISSUES

1.    Did the district court abuse its discretion by denying Plaintiffs' request to preliminarily enjoin enforcement of California Business and Professions Code section 22949.80(b)?

2.    Did the district court abuse its discretion by directing its preliminary injunction to the persons enumerated in Rule 65(d)(2) of the Federal Rules of Civil Procedure, and not applying the injunction to the State's "District Attorneys, County Counsels, and City Attorneys" as Plaintiffs requested?

## CIRCUIT RULE 28.2.7 STATEMENT

All applicable constitutional provisions and statutes are contained in the addendum to Plaintiffs' Opening Brief.

3

## STATEMENT OF THE CASE

I.   **CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 22949.80**

Section 22949.80 contains two separate subdivisions that regulate

activity.  Plaintiffs have consistently challenged subdivision (a) in this

action.  *See* Background, section II, *infra*.  Subdivision (a) limits firearm-

related advertisements to minors:

> A firearm industry member shall not advertise, market, or
> arrange for placement of an advertising or marketing
> communication offering or promoting any firearm-related
> product in a manner that is designed, intended, or reasonably
> appears to be attractive to minors.

Cal. Bus. & Prof. Code § 22949.80(a)(1).

Subdivision (b) of section 22949.80, meanwhile, limits the use and

dissemination of minors' personal information.  *Id.* § 22949.80(b).

Subdivision (b) states:

> A firearm industry member publishing material directed to
> minors in this state or who has actual knowledge that a
> minor in this state is using or receiving its material, shall
> not knowingly use, disclose, compile, or allow a third party
> to use, disclose, or compile, the personal information of
> that minor with actual knowledge that the use, disclosure,
> or compilation is for the purpose of marketing or
> advertising to that minor any firearm-related product.

*Id.*

4

Section 22949.80 also includes an express severability provision. *Id.*

§ 22949.80(f). That provision states:

> The provisions of this section are severable. If any portion, subdivision, paragraph, clause, sentence, phrase, word, or application of this section is for any reason held to be invalid by any court of competent jurisdiction, that decision shall not affect the validity of the remaining portions of this chapter. The Legislature hereby declares that it would have adopted this section and each and every portion, subdivision, paragraph, clause, sentence, phrase, word, and application not declared invalid or unconstitutional without regard to whether any other portion of this section or application thereof would be subsequently declared invalid.

*Id.*

## II. PROCEDURAL BACKGROUND

### A. The Initial District Court Proceedings

Plaintiffs filed the initial and still operative Complaint on July 8, 2022. 3-ER-233. The Complaint purports to "challenge the constitutionality of California Business & Professions Code section 22949.80, which makes it unlawful for any 'firearm industry member' to 'advertise, market, or arrange for placement of an advertising or marketing communication concerning any firearm-related product in a manner that is designed, intended, or reasonably appears to be attractive to minors.'" 3-ER-234–35 (quoting Cal. Bus. & Prof. Code § 22949.80(a)(1)). The Complaint regularly cites subdivision (a) of section 22949.80 (3-ER-235; 3-ER-246–48) and alleges injuries and

5

causes of action arising out of the advertising regulations in that provision (*see, e.g.,* 3-ER-262–68). The Complaint does not mention or cite to subdivision (b) of the statute or its privacy regulations at any point. 3-ER-233–70.

Plaintiffs filed a motion for preliminary injunction on July 20, 2022. SER-111. In that motion, Plaintiffs sought to "enjoin enforcement of section 22949.80." SER-140. The motion also used the term "AB 2571," the statute's enacting legislation. *See* SER-116–140. However, consistent with the Complaint, Plaintiffs' arguments in the motion were limited to the statute's advertising regulations in subdivision (a). *See* SER-116–140; SER-054–81 (Reply brief). Plaintiffs' motion did not once mention subdivision (b). SER-116–140; SER-054–81. Plaintiffs never cited the provision, never used the words "personal information," and never made any substantive argument pertaining to the privacy regulations in subdivision (b). SER-116–140; SER-054–81. Accordingly, Defendant's opposition brief also did not address subdivision (b). SER-083-110.

The district court denied the motion for preliminary injunction. 2-ER-208. The district court considered whether the requirements of subdivision (a) are constitutional and otherwise subject to a preliminary

injunction.  2-ER-192.  The district court mentioned subdivision (b) only

once, in a footnote:

> Additionally, AB 2571 contains two privacy-related
> provisions, Subsections 22949.80(b) and 22949.80(d).
> Neither of those have been challenged by plaintiffs in their
> complaint or briefing on this motion, although they are
> evidently encompassed by plaintiffs' request to "enjoin the
> enforcement of section 22949.80."[1]

2-ER-163 (footnote 3).  The Order therefore did not otherwise mention or

discuss subdivision (b) or its privacy regulations.  2-ER-158–208.

## B.  Plaintiffs' Prior Preliminary Injunction Appeal and This Court's Ruling

Plaintiffs appealed to this Court the district court's order denying their

motion for preliminary injunction.  Dist. Ct. Dkt. 37.  Plaintiffs' arguments

in the appeal again concerned only the advertising restrictions in subdivision

(a).  *See* Appellants' Opening Br., *Junior Sports Mags., Inc. v. Bonta*, Case

No. 22-56090, Dkt. 7 (Dec. 19, 2022), 2022 WL 17980278; Appellants'

Reply Br., *Junior Sports Mags., Inc. v. Bonta*, Case No. 22-56090, Dkt. 25

(Feb. 17, 2023), 2023 WL 2226847.  Plaintiffs made no mention of

subdivision (b) or its privacy regulations.  Moreover, Plaintiffs did not

---

[1] Subdivision (d) of section 22949.80 states, "This section shall not be construed to require or authorize a firearm industry member to collect or retain age information about users or subscribers of products or services offered."

7

dispute the district court's conclusion that they had not challenged the

constitutionality of subdivision (b) in either their complaint or briefing on

the motion for preliminary injunction.

This Court reversed the district court's order and remanded "for further

proceedings consistent with [the] opinion." *Junior Sports*, 80 F.4th at 1121.

In its opinion, this Court considered only whether the requirements of

subdivision (a) are constitutional and otherwise subject to a preliminary

injunction. *See* 80 F.4th at 1109. The Court did not mention or address the

constitutionality of subdivision (b)'s privacy regulations or whether that

subdivision is subject to a preliminary injunction. *See id*. Because Plaintiffs

had not challenged the district court's conclusion that they had not addressed

subdivision (b) below, this Court had no occasion to revisit the district

court's determination on that point. *See id.*

### C.   The District Court Proceedings Following Remand

Following remand, Plaintiffs filed in the district court a Motion to

Enforce Mandate and Issue Preliminary Injunction. SER-037. Plaintiffs

argued that this Court had already ruled upon subdivision (b) because the

Court had referred to "section 22949.80" in its prior opinion. SER-046-50.

Plaintiffs also asserted that if the advertising restrictions in subdivision (a)

are unconstitutional, so too must be the privacy provisions in subdivision

(b). SER-049-50. Plaintiffs did not submit new arguments or substantive evidence as to why subdivision (b), specifically, should be preliminarily enjoined as unconstitutional. SER-037–53; SER-003–19 (Reply brief); 2-ER-104–07; 2-ER-77–78; 2-ER-42–44. Defendant filed a limited opposition, asking the court to limit any preliminary injunction to subdivision (a) of section 22949.80 and to apply it only to the Attorney General and non-parties properly subject to an injunction under Federal Rule of Civil Procedure 65(d)(2). SER-020–36.

## III. THE DISTRICT COURT ORDER NOW ON APPEAL

The district court issued an order partially granting and partially denying Plaintiffs' motion ("Order"). 1-ER-2. The Order granted the preliminary injunction as to section 22949.80(a) only and ordered that the injunction would bind Defendant, "his officers, agents, servants, employees, and attorneys, and other persons in active concert with them," i.e., the categories of persons enumerated in Rule 65(d)(2). 1-ER-13–14.

The district court began its analysis with the question of whether the preliminary injunction should be limited to subdivision (a). 1-ER-7. The court reviewed how the law of mandate applies to its rulings upon remand, and then found "that the Ninth Circuit's mandate and opinion did not address the constitutionality of Section 22949.80(b)." 1-ER-10. The court

9

observed that, in its order denying Plaintiff's initial motion for preliminary injunction, it had expressly noted that Plaintiff's Complaint and briefing did not challenge subdivision (b), and that the order therefore did not consider whether subdivision (b) should be enjoined. 1-ER-10. The district court then observed:

> The Ninth Circuit's opinion does not mention, much less consider, the constitutionality of the privacy regulations in subsection (b). While the Ninth Circuit does ultimately write that, "[Section] 22949.80 is likely unconstitutional under the First Amendment," it is amply clear that its opinion did not consider or analyze any aspect of subsection (b).

1-ER-11. The court also explained that "subsection (b) appears to proscribe different conduct than subsection (a) such that it does not fall within the scope of the Ninth Circuit's rationale regarding the constitutionality of subsection (a)." 1-ER-11. The district court therefore concluded that "the Ninth Circuit's mandate requires it to enjoin the enforcement of subsection (a) but not subsection (b)." 1-ER-9.

Next, the district court considered who should be bound by the preliminary injunction of subdivision (a). 1-ER-12. It held that "the preliminary injunction should be limited to the Attorney General, his officers, agents, servants, employes, and attorneys, and other persons in active concert with him." 1-ER-13. The court "decline[d] to expand the

10

injunction to include non-party District Attorneys, County Counsels, and City Attorneys that are not employed by, and do not represent, the state itself, seeing as these parties did not have an opportunity to be heard in this action." 1-ER-13. However, the district court did order Defendant "to issue an alert notifying District Attorneys, County Counsels, and City Counsels in California of this lawsuit and that enforcement section 22949.80(a) has been preliminarily enjoined."[2] 1-ER-13.

In this appeal, Plaintiffs seek to reverse the portions of the Order denying (1) their request to enjoin enforcement of section 22949.80(b) and (2) their request to expressly bind the State's District Attorneys, County Counsel, and City Attorneys in the court's preliminary injunction of section 22949.80(a).

## STANDARD OF REVIEW

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 24 (2008).

---

[2] The California Department of Justice complied with that aspect of the district court's Order by issuing Information Bulletin 2024-DLE-06, Notice Regarding Preliminary Injunction Enjoining Enforcement of California Business & Professions Code Section 22949.80, subdivision (a), which is available on the department website at https://oag.ca.gov/system/files/media/2024-dle-06.pdf (last viewed Aug. 27, 2024).

A plaintiff seeking a preliminary injunction must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. In a "typical" facial challenge, a plaintiff must show that "no set of circumstances exists under which [the challenged statute] would be valid, or that the statute lacks any 'plainly legitimate sweep.'" *United States v. Stevens*, 559 U.S. 460, 472 (2010) (internal citations omitted). In the First Amendment context, a plaintiff may sustain a facial challenge by showing "a substantial number of [the challenged statute's] applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Id.* at 473 (quoting *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449, n.6 (2008)). An order denying a preliminary injunction is reviewed for abuse of discretion. *See All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). A district court's conclusions of law are reviewed de novo. *See id.*

## SUMMARY OF THE ARGUMENT

This Court should affirm the district court's Order that denied Plaintiffs' request to enjoin enforcement of section 22949.80(b) and their

request to expressly bind the State's District Attorneys, County Counsel, and City Attorneys in the court's preliminary injunction of section 22949.80(a).

1.  The district court acted properly, and certainly well within its discretion, by denying Plaintiff's request to enjoin enforcement of subdivision (b) of section 22949.80.

First, Plaintiffs did not meet their burden under *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) to show that subdivision (b) is unconstitutional and otherwise properly subject to a preliminary injunction.  Plaintiffs did not submit any arguments or supporting evidence specifically related to the constitutionality of subdivision (b) in their original motion for preliminary injunction, in their previous appeal before this Court, or in the motion for an injunction that resulted in the district court's Order now on appeal.  Moreover, Plaintiffs' showing in the district court related to the constitutionality of subdivision (a) did not satisfy their burden to establish that subdivision (b) is also likely unconstitutional.  Not only are the statute's provisions presumptively severable, but Plaintiffs failed to argue or show why this Court's ruling on subdivision (a) necessarily makes subdivision (b) unconstitutional given the two subdivisions' fundamental differences.

13

Second, this Court's opinion and mandate in the prior appeal also did not require the district court to preliminarily enjoin subdivision (b). This Court did not order the district court to enjoin all of section 22949.80, but merely remanded the case "for further proceedings consistent with" its opinion. *Junior Sports*, 80 F.4th at 1121. In that opinion, this Court had addressed only subdivision (a) and ruled *only* as to whether the advertising requirements of subdivision (a) are constitutional and otherwise subject to a preliminary injunction. *See id.* 1109. The opinion did not analyze or rule on whether the privacy regulations in subdivision (b) are likely unconstitutional or otherwise subject to a preliminary injunction. Although the opinion, like the filings of the district court and the parties, generally referred to the provision at issue in this case as "section 22949.80," this phrase was used as shorthand for the advertising regulations in subdivision (a).

Third, the district court did not abuse its discretion under the doctrines of waiver, law of the case, or vertical precedent. *See* AOB 17, 35. Those doctrines do not apply here. Defendant did not waive the argument that subdivision (b) is not properly within the scope of any injunction in either his answering brief in the prior appeal or his petition for rehearing en banc in that appeal. It was Plaintiffs' burden in the appeal to show that the district court had abused its discretion regarding subdivision (b), and Plaintiff (and

14

this Court's opinion) never mentioned subdivision (b).  Because this Court's prior decision did not address subdivision (b), there was likewise no basis for Defendant to address the provision in the petition for rehearing.  The law of the case doctrine and the rule of vertical precedent also do not apply here because they relate only to issues that have been actually decided and litigated, which was not the case here regarding the constitutionality of subdivision (b).

Finally, because Plaintiffs have never previously argued or made any showing in the district court for why subdivision (b) is purportedly unconstitutional, this Court should not consider those arguments now in the first instance.  Plaintiffs have in any event failed to establish that subdivision (b) is unconstitutional and otherwise subject to a preliminary injunction. This is because they have failed to show that "the law's unconstitutional applications substantially outweigh its constitutional ones," as is required to sustain a facial First Amendment challenge.  *Moody v. NetChoice, LLC*, 144 S. Ct. 2383, 2397 (2024).  They have not established, for example, which applications may purportedly regulate protected speech, as opposed to economic activity, nor which applications satisfy *Central Hudson* scrutiny.

2.  As to the persons bound by the preliminary injunction of subdivision (a), the district court acted properly, and well within its

15

discretion, by issuing an injunction that applied to Defendant and "his officers, agents, servants, employees, and attorneys, and other persons in active concert with them."  1-ER-14.  These are the "only" categories of persons that may be bound by an injunction under Rule 65(d)(2) of the Federal Rules of Civil Procedure.  The district court was not required to specifically bind the State's District Attorneys, County Counsel, and City Attorneys in the preliminary injunction.  They are not parties to this litigation, and it was not necessary to identify them to effectuate relief.

For these reasons, explained in greater detail below, this Court should affirm the district court's Order challenged in this appeal.

## ARGUMENT

### I. THE DISTRICT COURT ACTED WITHIN ITS DISCRETION WHEN IT DENIED A PRELIMINARY INJUNCTION ENJOINING ENFORCEMENT OF SUBDIVISION (B)

#### A. Plaintiffs Did Not Meet Their Burden to Show That Subdivision (B) Should Be Preliminarily Enjoined

Plaintiffs have the burden to show they are entitled to a preliminary injunction of the scope that they seek. *See Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009) (plaintiff bears the burden of "establishing the elements necessary to obtain injunctive relief"); *E. Bay Sanctuary Covenant v. Barr*, 934 F.3d 1026, 1029 (9th Cir. 2019) ("[a]n injunction

16

must be narrowly tailored to remedy the specific harm shown" (internal quotation omitted)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (injunctive relief is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief").

Here, the district court acted well within its discretion by denying a preliminary injunction as to subdivision (b) because Plaintiffs never met their burden to show they are entitled to that injunction. In particular, Plaintiffs failed to show, or even argue, that subdivision (b) violates the First Amendment, either facially, or as applied to Plaintiffs.

Plaintiffs did not submit any arguments or evidence specifically related to the constitutionality of subdivision (b) in their original motion for preliminary injunction. SER-111–141. Nor did they do so in their previous appeal before this Court. *See* Appellants' Opening Br., *Junior Sports Mags., Inc. v. Bonta*, Case No. 22-56090, Dkt. 7 (Dec. 19, 2022), 2022 WL 17980278; Appellants' Reply Br., *Junior Sports Mags., Inc. v. Bonta*, Case No. 22-56090, Dkt. 25 (Feb. 17, 2023), 2023 WL 2226847. And they did not do so more recently in their Motion to Enforce Mandate and Issue Preliminary Injunction in the district court. SER-037–53; SER-003–19; 2-ER-104–07; 2-ER-77–78; 2-ER-42–44.

17

Plaintiff's showing in the district court related to the constitutionality of subdivision (a) did not satisfy their burden to establish that subdivision (b) is also likely unconstitutional. Subdivisions (a) and (b) are presumptively severable provisions that regulate different conduct. Cal. Bus. & Prof. Code § 22949.80(f).[3] Subdivision (a) regulates advertising whereas subdivision (b) regulates the collection, use, and disclosure of minors' personal information. And following remand, Plaintiffs did not argue or show why the privacy provisions in subdivision (b) would necessarily be unconstitutional under this Court's analysis of the advertising provisions in subdivision (a). Plaintiffs elected to, instead, argue only that this Court had already implicitly determined that subdivision (b) was unconstitutional and that the district court was bound by that determination. Consequently, Defendant never had the occasion to brief the issue of subdivision (b)'s

---

[3] *See also Sam Francis Found. v. Christies, Inc.*, 784 F.3d 1320, 1325 (9th Cir. 2015) ("Severability is . . . a matter of state law" (ellipsis in original)); *Vivid Ent., LLC v. Fielding*, 774 F.3d 566, 574 (9th Cir. 2014) ("California law directs courts to consider first the inclusion of a severability clause in the legislation . . . 'The presence of such a clause establishes a presumption in favor of severance'" (quoting *Cal. Redev. Ass'n v. Matosantos*, 53 Cal.4th 231, 270 (2011)). Although this is a rebuttable presumption, Plaintiffs have never attempted to meet their burden to rebut the presumption. *See Santa Barbara Sch. Dist. v. Superior Court*, 13 Cal.3d 315, 331 (1975) ("Although not conclusive, a severability clause normally calls for sustaining the valid part of the enactment").

18

constitutionality in the district court and the district court never had occasion to consider and rule on it.

Because Plaintiffs failed to meet their burden to show that subdivision (b) is likely unconstitutional and otherwise subject to a preliminary injunction, it was proper, and well within the district court's discretion to exclude subdivision (b) from the scope of the preliminary injunction.[4]

## B. This Court's Mandate in the Prior Appeal Did Not Require the District Court to Preliminarily Enjoin Enforcement of Subdivision (B)

The district court also acted well within its discretion by denying a preliminary injunction as to subdivision (b) because this Court's opinion and mandate in the prior appeal did not require it.

The rule of mandate provides that any "district court that has received the mandate of an appellate court cannot vary or examine that mandate for

---

[4] Plaintiffs' failure to show that subdivision (b) is likely unconstitutional was grounds alone for the district court to decline to preliminarily enjoin subdivision (b). *See Winter*, 555 U.S. at 20. However, Plaintiffs also failed to show that they had satisfied the remaining *Winter* factors as to subdivision (b). They failed to do so in their initial motion for preliminary injunction, since they did not address subdivision (b) at all. SER-037–53; SER-003–19. And in their Motion to Enforce Mandate and Issue Preliminary Injunction, Plaintiffs argued only that the remaining factors were met because subdivision (b) purportedly is unconstitutional. SER-050–51. Plaintiffs therefore did not meet their burden to show that the remaining *Winter* factors are satisfied.

19

any purpose other than executing it." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). However, although "lower courts are obliged to execute the terms of a mandate, they are free as to 'anything not foreclosed by the mandate.'" *United States v. Killington*, 217 F.3d 1084, 1092-93 (9th Cir. 2000) (quoting *Herrington v. Cty. of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993). "The ultimate task is to distinguish matters that have been decided on appeal, and are therefore beyond the jurisdiction of the lower court, from matters that have not." *United States v. Perez*, 475 F.3d 1110, 1113 (9th Cir. 2007). "In addition to the mandate itself, the opinion by [the Ninth Circuit] at the time of rendering its decree may be consulted to ascertain what was intended by its mandate." *Kellington*, 217 F.3d at 1093 (quotation marks omitted).

The district court correctly determined that this Court's mandate in the prior appeal did not require it to preliminarily enjoin enforcement of subdivision (b). The mandate itself merely stated, "The judgment of this Court, entered September 13, 2023, takes effect this date. This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure." Mandate, Dkt. 53, *Junior Sports*, 80 F.4th 1109. Neither did this Court's opinion order the district court to enter an injunction with any specified terms. Rather, it reversed the district court's

20

order denying a preliminary injunction and remanded "for further proceedings consistent with this opinion." *Junior Sports*, 80 F.4th at 1121. In that opinion, this Court analyzed and ruled *only* as to whether the advertising requirements of subdivision (a) are constitutional and otherwise subject to a preliminary injunction. *See Junior Sports*, 80 F.4th 1109. The opinion does not analyze or rule on whether the privacy regulations in subdivision (b) are likely unconstitutional or otherwise subject to a preliminary injunction. And appropriately so: that issue had not been briefed by the parties nor considered or ruled upon by the district court. SER-054–141; 2-ER-158–208; 2-ER-163 (footnote 3). And again, because section 22949.80's provisions are presumptively severable, this Court's ruling invalidating subdivision (a) did not necessarily invalidate subdivision (b). *See* Cal. Bus. & Prod. Code § 22949.80(f); *see also Alaska Airlines, Inc. v. Brock*, 480 U.S. 678, 684 (1987) ("[a] court should refrain from invalidating more of [a] statute than is necessary" (cleaned up)).

It is true that this Court's prior opinion, like the filings of the district court and the parties, generally referred to the provision at issue in this case as "section 22949.80." But throughout this litigation the parties and the courts have simply used that designation as shorthand for the advertising regulations in subdivision (a). *See, e.g., Junior Sports*, 80 F.4th at 1113.

21

Indeed, this Court described the challenged regulation as follows, explicitly citing and quoting subdivision (a) only:

> AB 2571, as later amended by AB 160, is codified at § 22949.80 of the California Business and Professions Code. The statute mandates that '[a] firearm industry member shall not advertise, market, or arrange for placement of an advertising or marketing communication offering or promoting any firearm-related product in a manner that is designed, intended, or reasonably appears to be attractive to minors.' Cal. Bus. & Prof. Code § 22949.80(a)(1).

*Id.* at 1114; *see also id.* at 1113 ("this case is about whether California can ban a truthful ad about firearms used legally by adults and minors—just because the ad "reasonably appears to be attractive to minors").  The opinion never discusses the constitutionality of any other subdivision of section 22949.80 or discusses how any other subdivision potentially interacts with subdivision (a).  That this Court followed the lead of the parties in using the label "section 22949.80" for rhetorical convenience does not change the substance of the Court's legal discussion and analysis.

The district court therefore did not, as Plaintiffs contend, violate the rule of mandate, nor did it otherwise abuse its discretion by declining to preliminarily enjoin enforcement of subdivision (b).

**C.    The District Court Did Not Abuse Its Discretion Under the Doctrines of Waiver and Abandonment, Law of the Case, or Vertical Precedent**

Plaintiffs also argue that the district should have preliminarily enjoined the enforcement of subdivision (b) under the doctrines of waiver and abandonment, law of the case, and the rule of vertical precedent.  AOB 17-19, 35-41.  These arguments are unavailing.

Plaintiffs contend that Defendant waived the argument that subdivision (b) should not be enjoined because Defendant did not address subdivision (b) in his answering brief in the previous appeal.  *See* AOB 17.  However, the appealed order explicitly held that Plaintiffs had *not* challenged subdivision (b).  2-ER-163 (footnote 3).  Plaintiffs neglected to address the constitutionality of that provision in their opening brief on appeal.  It was *Plaintiffs'* burden to do so, not Defendant's obligation to raise an issue that Plaintiffs had not.  Thus, if anything, *Plaintiffs* waived the right to have this court consider the constitutionality of subdivision (b) in the prior appeal by failing to argue the issue.

Defendant also did not waive the right to argue that subdivision (b) should not be enjoined by not so arguing in their petition for rehearing en banc.  *See* AOB 18.  As discussed above, in the prior appeal, Plaintiffs challenged only subdivision (a) and this Court's opinion addressed and ruled

23

only on the constitutionality of subdivision (a).  The Court did not order or

mandate that the district court enjoin all of section 22949.80, but rather,

reversed the district court's order denying a preliminary injunction and

remanded "for further proceedings consistent with [the] opinion."  *Junior

Sports*, 80 F.4th at 1121.[5]  Accordingly, Defendant was not required to seek

rehearing in the Ninth Circuit (or petition for certiorari in the Supreme

Court) related to a non-existent ruling on, or injunction encompassing

subdivision (b).  Rather, Defendant properly raised the issue of subdivision

(b) in the proceedings in the district court following remand when, for the

first time, the parties set forth their arguments as to the proper scope of a

preliminary injunction that was "consistent with" the opinion in the prior

appeal.

Plaintiffs' arguments related to the law of the case doctrine and the rule

of vertical precedent also fail.  Both doctrines arise only when a matter has

---

[5] Plaintiffs highlight Defendant's statement in the petition for
rehearing en banc that this Court's opinion in the prior appeal ruled on the
constitutionality of section 22949.80 "in its entirety."  AOB 18.  Reading
that reference and the petition in context, however, makes clear that this
Court ruled on only the advertising regulations in subdivision (a) of the
statute, and that Defendant's request for rehearing was not broader than the
scope of that opinion.  *See* Petition for Rehearing En Banc at 3, *Junior
Sports Mags., Inc. v. Bonta*, Case No. 22-56090, Dkt. 49 (Nov. 13, 2023).

already been actually litigated and decided by a court. *See Jeffries v. Wood*, 114 F.3d 1484, 1488-89 (9th Cir. 1997) (en banc), overruled on other grounds by *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) ("The law of the case doctrine is a jurisprudential doctrine under which an appellate court does not reconsider matters resolved on a prior appeal" (quotation marks omitted).); *AGK Sierra De Montserrat, L.P. v. Comerica Bank*, No. 23-15290, 2024 WL 3464426, at *8 (9th Cir. July 19, 2024) (Miller, J., concurring) (suggesting that "vertical precedent" is the precedent of a higher court, as opposed to the precedent of the same court). These doctrines have no application here because, again, no court has considered or ruled on whether subdivision (b) is unconstitutional.

### D. Plaintiffs Have Not Established That Subdivision (B) Is Unconstitutional "In Isolation"

As explained above, the district court properly declined to preliminarily enjoin enforcement of subdivision (b). Plaintiffs nevertheless suggest that this Court should now, in the first instance, consider the constitutionality of subdivision (b) "in isolation." AOB 23.

The Court should decline this invitation. This Court "generally will not consider arguments raised for the first time on appeal" "absent exceptional circumstances," although it "ha[s] discretion to do so." *In re Am. W.*

25

*Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000). The Court "may exercise this discretion '(1) to prevent a miscarriage of justice; (2) when a change in law raises a new issue while an appeal is pending; and (3) when the issue is purely one of law.'" *AlohaCare v. Hawaii, Dep't of Hum. Servs.*, 572 F.3d 740, 744-45 (9th Cir. 2009) (quoting *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996) (internal quotation marks omitted).

This case does not involve any exceptional circumstance that warrants jumping to the merits of subdivision (b). No miscarriage of justice will result because Plaintiffs elected not to fully litigate the constitutionality of subdivision (b) before the district court. They have had prior opportunities to make these arguments in the district court and may yet do so in a new motion for preliminary injunction or motion for summary judgment. There has been no material change in law. And as explained more fully below, the constitutionality of subdivision (b) is not purely one of law; rather, Plaintiffs appear to raise a facial challenge, which requires them to build a record on the scope of the law's applications—and thus far, they have failed to do so.

However, even if this Court elects to consider Plaintiffs' challenge to subdivision (b) on the merits in this appeal, Plaintiffs have nevertheless failed to meet their burden to show that the provision is likely unconstitutional.

First, because Plaintiffs have submitted no record evidence of how subdivision (b) would impact them, their challenge must be considered a facial one. The Supreme Court has "made facial challenges hard to win . . . even when a facial suit is based on the First Amendment." *Moody v. NetChoice, LLC*, 144 S. Ct. 2383, 2397 (2024). A facial challenge may be sustained only "if the law's unconstitutional applications substantially outweigh its constitutional ones." *Id.* To determine this, a court must assess which activities and actors the law regulates and then determine "which of the laws' applications violate the First Amendment, and to measure them against the rest." *Id.* at 2398. An appellate court properly remands a case to the district court where the parties have not briefed these "critical issues" and "the record is underdeveloped." *See id.* at 2399.

That is the situation here. Plaintiffs have not briefed or submitted record evidence of the range of activities and actors to which subdivision (b) applies. Without this information, this Court cannot assess which applications may or may not be constitutional. For example, subdivision (b) provides that one shall not "use, disclose, compile, or allow a third party to use, disclose, or compile" minors' personal information. But the face of the provision does not disclose how the regulation applies in the real world and, thus, when it may or may not regulate speech or do so in a way that does or

27

does not satisfy the applicable level of scrutiny. For these reasons alone, this court should decline to consider the constitutionality of subdivision (b) now and should remand the issue to the district court.

Second, Plaintiffs have, in any event, failed to show that any particular applications of subdivision (b) are unconstitutional. Plaintiffs argue that subdivision (b) regulates speech. AOB 24. However, Plaintiffs have not established this in any applications of the statute, much less in a sufficiently large number to support a facial challenge. On its face, subdivision (b) does not, as Plaintiffs argue, "ban . . . marketing lawful firearm products to minors." AOB 24. It instead regulates how minors' personal information may be used. Cal. Bus. & Prof. Code § 22949.80(b). And the First Amendment recognizes a distinction between restrictions on protected expression and restrictions on economic activity. *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 567 (2011). "[T]he First Amendment does not prevent restrictions directed at commerce or conduct" even when those provisions "impos[e] incidental burdens on speech." *Id.*; *see also HomeAway.com v. City of Santa Monica*, 918 F.3d 676, 685 (9th Cir. 2019) (quoting *Sorrell*).

28

Plaintiffs have not shown that subdivision (b) regulates only protected speech rather than economic activity.[6]

Even if some applications of subdivision (b) regulate protected speech or otherwise implicate the First Amendment, Plaintiffs have not established that, in a sufficiently large number of applications, subdivision (b) cannot satisfy *Central Hudson* scrutiny, the applicable test applied to regulations of commercial speech. *See Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*, 447 U.S. 557, 564 (1980). Plaintiffs simply assume that the exact same *Central Hudson* analysis that this Court applied to subdivision (a) would apply to subdivision (b). But, because Plaintiffs have never before addressed the constitutionality of subdivision (b) "in isolation," nor established that subdivision (b) regulates protected speech, Defendant has not yet had the opportunity to argue or submit record evidence relating to the application of the *Central Hudson* factors to subdivision (b), including the state's interest in minors' data privacy and the relationship of the statute to that interest.

---

[6] In the event that Plaintiffs include additional new arguments and legal authorities on these issues in their reply brief, Defendant reiterates his position that these issues should be fully and fairly briefed and considered in the district court before they are considered for the first time in this Court.

Finally, Plaintiffs have not shown that subdivision (b) facially violates the First Amendment right to free association.  AOB 27.  Like their free speech arguments, Plaintiffs raise their free association arguments related to subdivision (b) for the first time here.  They also fail to show that subdivision (b)'s applications that purportedly violate free association "substantially outweigh" its constitutional applications.  *Moody v. NetChoice, LLC*, 144 S. Ct. 2383, 2397 (2024).

Plaintiffs only generally argue that subdivision (b) impacts their ability to use the personal information "of adults and minors who might be interested in their products and services."  AOB 28.  Importantly, however, subdivision (b) does *not* limit the use of adults' personal information.  It regulates only the knowing use of minors' information.  And Plaintiffs have provided no legal authority supporting the proposition that a law protecting the privacy of minors' personal information can violate the First Amendment right of free association.  *See* AOB 28.  While Plaintiffs cite *NAACP v. Ala., ex rel. Patterson*, 357 U.S. 449, 460 (1958), that case is not comparable:  it involved the state-compelled disclosure of NAACP membership lists where the record showed that members were subject to third-party threats of violence and economic harm.  *Id.* at 462.  Those facts are clearly distinguishable from the circumstances here, where the state is

30

not compelling disclosure of an association's members but rather seeking to protect personal information of minors who are not necessarily part of any association at all.

For all of these reasons, Plaintiffs have failed to mount a successful facial challenge by showing that subdivision (b)'s "unconstitutional applications substantially outweigh its constitutional ones." *Moody*, 144 S. Ct. at 2397.

## II. THE DISTRICT COURT ACTED WITHIN ITS DISCRETION WHEN IT APPLIED THE PRELIMINARY INJUNCTION TO PERSONS ENUMERATED IN RULE 65(D)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE

The district court also acted well within its discretion in identifying which persons should be preliminarily enjoined from enforcing subdivision (a) of section 22949.80.

Rule 65(d)(2) of the Federal Rules of Civil Procedure provides that a preliminary injunction may "only" bind "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." *See also Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 13, 65 (1945) (courts may not grant an injunction "so broad as to make

31

punishable the conduct of persons who act independently and whose rights have not been adjudged according to law").

In accordance with Rule 65(d)(2), the district court's Order states that "[t]he injunction "will bind defendant, his officers, agents, servants, employees, and attorneys, and other persons in active concert with them.'" 1-ER-14. Thus, contrary to Plaintiffs suggestion, the district court's injunction does *not* apply to the Attorney General only. AOB 32.

The district court did not abuse its discretion by declining to specifically identify the State's District Attorneys, County Counsel, and City Attorneys in the preliminary injunction of subdivision (a). "[A] district court has broad discretion to fashion injunctive relief." *Melendres v. Maricopa Cnty.*, 897 F.3d 1217, 1221 (9th Cir. 2018). The district court properly chose to use the language of rule 65(d)(2) for the preliminary injunction because Plaintiffs have not shown that specifically binding the State's District Attorneys, County Counsels, and City Attorneys is necessary to effectuate relief.

Plaintiffs argue that the State's District Attorneys, County Counsels, and City Attorneys should be specifically bound by the preliminary injunction because section 22949.80 confers on them the authority to enforce the statute. However, these persons are, nevertheless, non-parties to this

32

action and Plaintiffs do not assert that any of them has threatened to enforce section 22949.80(a) against Plaintiffs. Even if a local government attorney were to consider enforcing the statute, the most basic legal research would alert them to this Court's opinion in the prior appeal and the existing preliminary injunctions against the Attorney General and those described in Rule 65(d)(2).[7] Local government attorneys have also been alerted to the preliminary injunction in this case through the Information Bulletin posted by the California Department of Justice, as ordered by the district court.[8] Moreover, Plaintiffs have cited no authorities that required the district court to make factual determinations regarding which specific non-parties may or

---

[7] In addition to the district court's preliminary injunction in this case, another district court has issued a preliminary injunction related to section 22949.80, in the case of *Safari Club v. Bonta*, No. 2:22- cv-01395-DAD-JDP (E.D. Cal. filed Aug. 5, 2022). That preliminary injunction states, in relevant part, "the court ORDERS that pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendant California Attorney General Rob Bonta and the California Department of Justice, their officers, agents, servants, employees, and anyone else in active concert or participation with any of the aforementioned people or entities, are hereby preliminarily enjoined from enforcing California Business & Professions Code § 22949.80." Order Granting Plaintiffs' Motion for a Preliminary Injunction at 2, *Safari Club v. Bonta*, No. 2:22- cv-01395-DAD-JDP (E.D. Cal. April 12, 2024). Defendant has filed a motion in *Safari Club* asking the court to clarify that it intended to enjoin only subdivision (a) of section 22949.80, but the court has not yet ruled on that motion. Motion for an Order Clarifying the Preliminary Injunction, *Safari Club v. Bonta*, No. 2:22- cv-01395-DAD-JDP (E.D. Cal. May 15, 2024).

[8] See footnote 2, *supra.*

may not fall into the categories enumerated in rule 65(d)(2) and include them in the preliminary injunction.

## CONCLUSION

For the reasons above, the Court should affirm the district court's Order partially granting and partially denying Plaintiff's Motion to Enforce Mandate and Issue Preliminary Injunction.

Dated:  August 27, 2024       Respectfully submitted,

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
ANTHONY R. HAKL
Supervising Deputy Attorney General

*s/ Gabrielle D. Boutin*
GABRIELLE D. BOUTIN
Deputy Attorney General
*Attorneys for Defendant-Appellee*
*Rob Bonta, in His Official Capacity as*
*Attorney General of the State of California*

34

24-4050

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

**JUNIOR SPORTS MAGAZINE, INC., et al.,**

                Plaintiffs and Appellants,

     **v.**

**ROB BONTA,**

                Defendant and Appellee.

---

### STATEMENT OF RELATED CASES

To the best of our knowledge, there are no related cases.


Dated:  August 27, 2024       Respectfully submitted,

                              ROB BONTA
                              Attorney General of California
                              THOMAS S. PATTERSON
                              Senior Assistant Attorney General
                              ANTHONY R. HAKL
                              Supervising Deputy Attorney General


                              *s/ Gabrielle D. Boutin*
                              GABRIELLE D. BOUTIN
                              Deputy Attorney General
                              *Attorneys for Defendant-Appellee*
                              *Rob Bonta, in His Official Capacity as Attorney*
                              *General of the State of California*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)**

I am the attorney or self-represented party.

**This brief contains _____ words,** including _____ words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

☐ complies with the word limit of Cir. R. 32-1.

☐ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

☐ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R.
29-2(c)(2), or Cir. R. 29-2(c)(3).

☐ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

☐ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select
only one)*:
    ☐ it is a joint brief submitted by separately represented parties.
    ☐ a party or parties are filing a single brief in response to multiple briefs.
    ☐ a party or parties are filing a single brief in response to a longer joint brief.

☐ complies with the length limit designated by court order dated                    .

☐ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature**                                                         **Date**
*(use "*s/[typed name]*" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8**                                                         *Rev. 12/01/22*

# CERTIFICATE OF SERVICE

Case Name:   **Junior Sports Magazine, Inc., et**          Case No.      **24-4050**
             **al. v. Rob Bonta**

I hereby certify that on <u>August 27, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## DEFENDANT-APPELLEE'S ANSWERING BRIEF

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>August 27, 2024</u>, at Los Angeles, California.

| Dora Mora | *Dora Mora* |
| --- | --- |
| Declarant | Signature |

SA2024900321